ROBINA MERSEREAU, Plaintiff, *v.* WILLIAM KATZ and JOSEPH GARMINISKY, Defendants.

Second Department, July 22, 1921.

Wills — devise of estate for life and after death of life tenant to her heirs — remainder contingent till termination of life estate — subsequent vesting of estate of children of life tenant in her did not vest remainder in tenant — life tenant cannot pass good title.

Under a will devising land to the plaintiff for the term of her natural life and upon her death " to her heirs forever " the remainder created was contingent until the termination of the life estate therein contained and not till then did it become vested in the heirs of the life beneficiary.

Accordingly, though the plaintiff acquired the entire estate of her two children who have deceased, the remainder in fee did not thereby become vested in her and she could not give a good and marketable title.

The word " heirs " as used in the will was considered by the testator and used by him in its primary sense to designate those who succeed to real property by reason of relationship to a deceased and not a living person.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Arthur R. Wilcox*, for the plaintiff.

*Moses Miller*, for the defendants.

MANNING, J.:

The controversy arises over the validity of the plaintiff's title to certain real estate, contracted to be sold to the defendants. The stipulated facts are as follows:

" II. Plaintiff is a daughter of Clark S. Merritt, deceased, who died a resident of said Port Chester, May 8, 1863, leaving a will * * * proved before the Surrogate of Westchester County, May 22, 1863, whereby were devised her premises on the easterly side of South Main Street, Port Chester, ' for and during the term of her natural life, and upon her death I give and devise the same to her heirs forever.'

" III. Plaintiff married Jacob Mersereau, November 25, 1860, their only issue being:

"(a) Charles Henry Mersereau, son, born March 28, 1862, died May 2, 1900, without issue, never married, leaving a will * * * proved before the Surrogate of New York County, May 18, 1900, whereby he gave his entire estate to his mother, said Robina Mersereau;

"(b) Robina Mersereau, Jr., daughter, born October 7, 1864, died February 23, 1897, intestate, unmarried and without issue, her only heir-at-law being her father, said Jacob Mersereau.

" IV. Jacob Mersereau died September 10, 1911, leaving a will * * * proved before the Surrogate of Westchester County, April 12, 1912, whereby he gave his entire estate to his widow, said Robina Mersereau.

" V. The only children of said Clark S. Merritt were:

" 1. Mary Elizabeth Merritt, who married George St. John, both deceased, whose only children and heirs-at-law were (a) Frank St. John, whose wife is Emma F. St. John, both living; (b) Egbert E. St. John, unmarried, living; (c) Clark S. St. John, deceased, without issue.

" 2. Sawyer Merritt, unmarried, living.

" 3. Hannah Matilda Merritt, who married John Henderson, both deceased, whose only child and heir-at-law was Mary G. Henderson, deceased, without issue.

" 4. Clark S. Merritt, Jr., deceased, intestate, unmarried and without issue.

" 5. Robina Mersereau, plaintiff herein.

" 6. James S. Merritt, deceased, without issue, leaving a will proved before the Surrogate of Westchester County, April 12, 1919. * * *

" 7. Irene Merritt, who married John Duffy, both deceased, whose only children and heirs-at-law were (a) William Duffy, who married Minnie Duffy, and (b) William Duffy, who married Anna K. Duffy, all living. * * *

" 8. Three other children who died in infancy.

" VI. On January 25, 1921, plaintiff and defendants entered into a written contract whereby she agreed to sell and convey, and they agreed to purchase, said premises so devised to her for her life under her father's will, for the sum of $27,500, it being agreed that application would be made to the court for authority to effect such sale in order to vest good

title in the purchasers, the deed thereunder to be delivered March 1, 1921, which proceeding was instituted under the provisions of Section 67, *et seq.*, of the Real Property Law.*

" VII. Subsequent to the institution of said proceeding, counsel advised plaintiff that, after investigation, he was of the opinion that she was the sole owner of the fee of the premises, and that a deed executed, acknowledged and delivered by her, in due form, would vest the purchasers with sound title to the premises, the proceeding to obtain leave of the Court being unnecessary. Such a deed was thereafter tendered said purchasers, and $6,500, the balance of the purchase money, and the delivery of the bond secured by purchase money mortgage, executed by defendants to plaintiff, as in said agreement provided, was by plaintiff demanded of defendants, but defendants, although willing to perform said contract, then, and ever since have, refused to comply with the terms of said demand, objecting that plaintiff is not the sole owner of the premises and that such a deed will not vest defendants with a good and marketable title to said premises.

" VIII. Plaintiff claims on the foregoing facts that under Clark S. Merritt's will, her (plaintiff's) son, Charles H. Mersereau, who was living at the time of Merritt's death, became then seized in fee simple absolute of the premises, subject only to her life estate therein, and the possibility of the same opening to permit other children of hers to share therein; and that plaintiff, upon the death of her son, acquired under his will all his interest, while the interest of her daughter, Robina, on her death intestate, passed to her father, Jacob Mersereau, which interest, on his death, passed under his will to plaintiff, who then became, and now is, seized of the whole fee of said premises."

The question is, can the plaintiff convey a good and marketable title to the premises in question?

She says she can. The defendants assert that she cannot. They say she has only a life estate in the property, with remainder to her heirs; and such being the case, they claim

---

* Amd. by Laws of 1913, chap. 55; Laws of 1918, chap. 578, and Laws of 1920, chap. 639.— [Rep.

her " heirs " are only ascertainable at the time of her death.
Hence, the legal problem is, whether the remainder, under
Clark S. Merritt's will, was vested or contingent.

The clause in the will of Clark S. Merritt which gives rise
to the dispute is as follows: " I give and devise unto my
daughter, Robina, the house and premises as the fence now
stands upon which she now lives, * * * for and during
the term of her natural life, and upon her death I give and
devise the same to her heirs forever."

The plaintiff claims that the remainder vested, taking
effect immediately upon Clark S. Merritt's death; and that
as the plaintiff then had an heir, viz., her son Charles, he
became seized of the fee, subject only to her life estate,
with the possibility of the same opening to permit other
children of hers to share therein. That upon the death of
her son, she acquired under his will all his interest; while
the share or interest of her daughter, Robina, who died intes-
tate, passed to her father, Jacob Mersereau, which interest,
on his death, passed under his will to the plaintiff; and
plaintiff, therefore, became and now is seized of the whole
fee to the property in question; and in support of her con-
tention cites section 40 of the Real Property Law, which
reads as follows: " A future estate is either vested or con-
tingent. It is vested, when there is a person in being, who
would have an immediate right to the possession of the prop-
erty, on the determination of all the intermediate or precedent
estates. It is contingent while the person to whom or the
event on which it is limited to take effect remains uncertain."

The plaintiff also urges that the law not only favors the
vesting of estates, but such a construction of a will as avoids
the disinheritance of children who happen to die before the
time of distribution.

This proposition is elementary; but unfortunately for the
plaintiff in the present case, the remainder by the terms of
the will does not pass to children of the testator, but to the
heirs of his daughter at her death. The majority of cases
cited by the plaintiff affect a situation where the remainder
passes to children of the testator, and hence do not apply to
the situation presented in the present case.

I am led to the conclusion that the question at issue here

is clearly within the doctrine laid down in and disposed of by *Moore* v. *Littel* (41 N. Y. 66), considered the leading case upon the subject, and a case which stands unreversed and is considered a controlling authority to-day. In that case the clause of the grant was substantially the same as the clause of the will under consideration. It read, to John Jackson, " for and during his natural life, and after his decease to his heirs and their assigns forever."

In the instant case the words are " unto my daughter, Robina, the house and premises   *   *   *   for and during the term of her natural life, and upon her death I give and devise the same to her heirs forever."

In *Moore* v. *Littel* the court held that under such conditions the children of the life tenant take a vested interest, although liable to open and let in other after born children of the life tenant, and liable also in respect of any child to be wholly defeated by the death of such child before that of the life tenant; and while it is true that such interest, whether vested or contingent, is alienable during the life of the life tenant, it is subject to be defeated in like manner as before. Hence, if we consider that the children Charles H. Mersereau or Robina Mersereau, Jr., had vested remainders, these were defeated by their deaths prior to that of the mother, the plaintiff.

I think it is apparent from the general scheme of the will that Clark S. Merritt intended that the remainder should be contingent until the termination of the respective life estates therein contained, when they should become vested in the heirs of the respective life beneficiaries. The very wording of the will seems to indicate that such was the testator's purpose. The language used by him in each bequest or devise is, " I give and devise [or bequeath] the same to her [or his] heirs forever;" that to his son Clark is, " and on his decease to his heirs forever."

The word " heirs " is thus employed in each case in designating those in whom the remainder is ultimately to vest; and accordingly it would seem as though the word " heirs " was considered by the testator and used by him in its primary sense, where it is employed to designate those who succeed to real property by reason of relationship to a deceased and

not a living person. Hence the maxim, *nemo est hæres viventis.*

The doctrine is discussed in *Heard* v. *Horton* (1 Den. 168), a leading and much quoted case; *Heath* v. *Hewitt* (127 N. Y. 166, 173, 174); *Vannorsdall* v. *Van Deventer* (51 Barb. 137); *Matter of Green* (60 Hun, 512); *Cushman* v. *Horton* (59 N. Y. 149, 153, 154), and *Gilliam* v. *Guaranty Trust Co.* (111 App. Div. 656, 660).

As I read the cases, I am inclined to the belief that the remainder did not become vested in the plaintiff under the wills of Charles Henry Mersereau and Jacob Mersereau; and as a consequence title to the premises in question cannot be made during the lifetime of the plaintiff, for until her death no one can answer to the description of " heirs." (*Moore* v. *Littel*, 41 N. Y. 66; *Manhattan Real Estate Assn.* v. *Cudlipp*, 80 App. Div. 532, 536; *Jackson* v. *Littell*, 56 N. Y. 108; *Doctor* v. *Hughes*, 225 id. 305, 310; *Clowe* v. *Seavey*, 208 id. 496, 501, 502; *Byrnes* v. *Stilwell*, 103 id. 453, 462; *House* v. *McCormick*, 57 id. 310.)

The construction of the will contended for by the defendants is the correct one, and there should be judgment for them as prayed for in the submission, with costs.

Judgment ordered for the defendants on the submission, with costs.

BLACKMAR, P. J., MILLS, RICH and KELLY, JJ., concur.

Judgment for defendants upon agreed statement of facts, with costs.