## In the Matter of the Estate of SANFORD MAKEEVER, Deceased.

Surrogate's Court, New York County, January 20, 1937.

*Edward A. Kole,* for the executor.

*John M. Keating,* for Blanche Tice-Johnson and Clifford M. Gibbon.

DELEHANTY, S. In this executor's accounting a construction of the will of deceased is sought to determine whether a nephew and a niece of deceased are persons interested in the estate. By subdivision 5 of paragraph fourth of his will, deceased placed thirty-five per cent of his residuary estate in trust for his sister, Ella Mahany, to pay the income to her for life and to pay her in addition such portion of the principal as, in the judgment of the trustees, might be necessary or proper for her adequate support and main-

tenance. Upon her death, the principal of the trust then remaining, with accrued interest, is directed to be divided " between or among my [testator's] brothers and sisters then surviving; and/or the descendants of any deceased Brother or Sister, in equal shares,— the descendants of any deceased Brother or Sister to take or divide equally the parent's share." The nephew whose status is in question is the son of a sister of deceased who predeceased testator. The niece whose status is also in question is a daughter of the still living life beneficiary of the trust.

The executor, who is a brother of deceased, urges that under the language of the trust provisions deceased intended the remainder to be distributed only to (a) those brothers and sisters who survive the life tenant and (b) the descendants of those brothers and sisters of testator who survived him and who may predecease the life tenant leaving such descendants. He contends that the nephew and niece referred to are excluded since they fall in neither category. He contends that the reference to descendants of any deceased brother or sister can apply only to the brothers and sisters mentioned in the preceding clause who might possibly survive the life beneficiary but who do not in fact survive her. He also contends that the provision that the descendants of any deceased brother or sister are to take or divide equally the parent's share cannot refer to either the nephew or the niece because their respective parents can in no event take a share and that no one can take under a substitutionary clause of this nature who cannot show that his parents might have been one of the original class.

The nephew and niece contend, on the other hand, that the provisions of the trust direct distribution not only to the brothers and sisters who survive the life beneficiary, but to the descendants of *any* deceased brother or sister of testator whether such brother or sister survived testator or not. They contend that this phrase includes *every* brother and sister of deceased — the life tenant as well as the others.

As in most cases, the precedents cited to the court concerning the construction of other wills are of little value. No case has been cited in which language identical with the language of the will here was considered. It is to be presumed that the deceased had no intention to disinherit one branch of his family to the enrichment of another. (*Matter of Farmers' Loan & Trust Co.*, 213 N. Y. 168; *Low* v. *Harmony*, 72 id. 408). It is the policy of the court to favor equality of distribution (*Matter of Harden*, 177 App. Div. 831; affd., 221 N. Y. 643), and where the provisions of a will are susceptible to two constructions, one of which will permit equality of treatment, this construction is preferred. (*Matter of*

*Brown,* 93 N. Y. 295; *Matter of Miller,* 18 App. Div. 211; affd., on opinion below, 155 N. Y. 646.)

The provisions of the trust here provide for distribution to two classes of persons; *first,* the brothers and sisters of testator who survive the life beneficiary, and *second,* descendants of other brothers and sisters. There is nothing in the text of that part of the will which refers to descendants to indicate that the gift to the descendants of any deceased brother or sister has reference only to the brothers and sisters who might survive the testator. There is no indication in this will that the word " any " should be given a restricted meaning. On the contrary, the court holds that the phrase " the descendants of any deceased Brother or Sister " means " the descendants of each and every of my deceased brothers and sisters." The phrase " the descendants of any deceased Brother or Sister to take or divide equally the parent's share " is not used to designate the persons who are to participate in the remainder. The designation of those persons is complete without this phrase. Undoubtedly it was inserted by deceased to indicate the quantum of the property to which the remaindermen respectively are to be entitled. It directs that the distribution upon the termination of the trust is to be *per stirpes* and not *per capita.* Accordingly the court holds that the remainder, if any, upon the termination of the trust is to be distributed to the brothers and sisters of testator then surviving the life beneficiary and to the surviving descendants *per stirpes* of all the then deceased brothers and sisters of testator. The nephew and niece whose status has been questioned are interested parties.

The decree to be submitted when the account is ready for settlement will conform to the decision here made. Proceed accordingly.