In the Matter of the Estate of GEORGE MOFFITT, Deceased.

Surrogate's Court, Albany County, May 9, 1939.

*Barkhuff & Conway*, for Charles H. Schoeffler.

*Daniel J. Dugan, Jr.*, special guardian for infants.

*Whalen, McNamee, Creble & Nichols*, for the State Bank of Albany, as trustee for Mary Elizabeth Schoeffler.

ROGAN, S.   A question of construction is raised in this trustee's accounting.   Under the terms of the eighth paragraph of testator's will dated June 18, 1928, upon the death of Mary Elizabeth Schoeffler, the remainder of said trust is given, devised and bequeathed to " the heirs of my daughter Mary Elizabeth Schoeffler, *per stirpes.*"

The testator died on June 11, 1935, being survived by his daughter, Mary Elizabeth Schoeffler.   She died on November 3, 1938, leaving her surviving her husband and four children, three of whom are infants, but all of whom were living at the time of the execution of the will.   The contention is now made that because of the enactment of section 47-c of the Decedent Estate Law (added by Laws of 1938, chap. 181) in effect March 28, 1938, prior to the death of Mary Elizabeth Schoeffler, the surviving spouse, Charles H. Schoeffler, is entitled to share in the distribution of the remainder of said trust.

While I am in full accord with the contention of counsel for the surviving spouse that the question as to who constitute the heirs of Mary Elizabeth Schoeffler must be determined as of the time of her death ( *New York Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93; *Matter of Canfield*, 256 id. 610; *Matter of Waring*, 275 id. 6, 10), I am constrained to hold that the provisions of section 47-c of

the Decedent Estate Law, conferring benefits upon the surviving spouse, do not apply to the case at bar because the will itself comes within the meaning of the exception expressed therein. The statute defines " heirs " to include " a surviving spouse," unless the will " shall expressly or impliedly declare otherwise."

It is primary and the rule has been cited so many times it is unnecessary to give authorities, that in construing a will effect must be given to the whole document, and that a testator's intention is to be determined from the plain, simple words used, and from the surrounding circumstances existing at the time of its execution. Applying this canon of construction to the case at bar, it seems to me it is quite manifest that it was the testator's intention to take care of his daughter so long as she lived, and having in mind her children, the objects of his bounty, and perhaps her children's children, undoubtedly wanted them and them only, to succeed to the remainder of the trust upon her death. When he used the words " heirs of my daughter * * * *per stirpes* " he was thinking of who might be the potential heirs by blood, and not otherwise. The words " *per stirpes* " contemplate blood relatives, and mean " go to the nearest stock, or go back to the nearest stock," which would exclude a son-in-law or other relative not of the blood.

I am of the opinion that it never was the intention of the Legislature in the enactment of section 47-c of the Decedent Estate Law to thwart or override the expressed or implied intentions of a testator, and that its provisions do not inure to the benefit of the surviving spouse in this particular case.

A decree may be entered in accordance with this opinion, providing for the distribution of the remainder of said trust *per stirpes* to Charlton G. Schoeffler, Ernest C. Schoeffler, Irma G. Schoeffler and Mary Schoeffler.