THIRD DEPARTMENT, JANUARY, 1940.

(January 10, 1940.)

In the Matter of the Final Judicial Settlement of the Account of Proceedings of STATE BANK OF ALBANY, as Trustee for the Benefit of MARY ELIZABETH SCHOEFFLER, under Clause Eighth of the Last Will and Testament of GEORGE MOFFITT, Late of the City and County of Albany, State of New York, Deceased. CHARLES H. SCHOEFFLER, Appellant; STATE BANK OF ALBANY, as Trustee, etc., and Others, Respondents.

The remainders devised and bequeathed by clause Eighth of the will were not contingent during the life of testator's daughter but vested immediately upon his death and consequently appellant is not entitled to share in this fund. (*Matter of Chalmers*, 238 App. Div. 672; affd., 264 N. Y. 239.)

Decree affirmed, with costs to all parties filing briefs payable out of the estate.

Crapser, Heffernan and Schenck, JJ., concur; Bliss, J., dissents, in an opinion, in which Hill, P. J., concurs.

Bliss, J. (dissenting). The heirs of Mary Elizabeth Schoeffler, the daughter of the testator, must be determined as of her death on November 3, 1938. " The problem is not when the estate vested, but when the estate vested absolutely. The point of time which fixes the ascertainment of the class described and the vesting of their interests is the one to which we look in defining the class." (*Matter of Chalmers*, 264 N. Y. 239.) " The testator provided that, upon the death of his son without descendants, the trustees should pay the corpus of the trust to the ' next of kin ' of the son ' according to the laws of the State of New York.' The gift was to a definitely defined class whose membership as well as the extent and quality of their interest were to be determined by the laws in force defining membership in that class at the time of the son's death." (*Matter of Waring*, 275 N. Y. 6. See, also, *New York Life Insurance & Trust Co.* v. *Winthrop*, 237 N. Y. 93.)

In order to determine the membership of the class of heirs at the daughter's death, resort must be had to the Statutes of Distribution then in force. According to section 83, subdivision 1, of the Decedent Estate Law, her intestate property would have passed to her surviving husband and children and the children's representatives if any of them had died before their mother. At the same time section 47-c of the Decedent Estate Law provided that the term " heirs " when used in a will should be construed to mean the distributees, including the surviving spouse, unless the will expressly or impliedly declared otherwise. Consequently the provision in the Eighth clause of the will for the benefit of " the heirs of my daughter, Mary Elizabeth Schoeffler, *per stirpes* " includes the surviving husband unless it can be said that the words " *per stirpes* " are an express or implied declaration to the contrary.

There is nothing inconsistent between the inclusion of the surviving spouse as an heir of the daughter and the use of the words ". *per stirpes*." If these words had been left out of the will entirely, the representatives of any children who had died before their mother would still have taken under the will because subdivision 1 of section 83 of the Decedent Estate Law includes the representatives of any such predeceased children among the distributees. These words merely define a method of distribution. Under this will the result is the same, whether the words " *per stirpes* " are included or not. They never became effective because the husband and the four children of Mary Elizabeth Schoeffler were all living at the time of her death. Therefore, the formula of distribution by representation has no relevancy here.

This same question was up in *Irvin* v. *Brown* (160 S. C. 374; 158 S. E. 733). There the property was directed, upon the death of a life tenant, to be divided one-third " to the then living heirs of my wife *per sturpes*." After the death of the testator the wife remarried and upon her death the question was whether her surviving spouse should take under the above-quoted portion of the will. After calling attention to the statutes which included the surviving husband as an heir, the court said: " It is clear, therefore, that the husband will take, along with the other heirs, as designated by the statute, unless, as contended by respondents, the use of the words ' *per sturpes* ' excludes him. But by the use of that term,

the testator did not mean to identify or name the devisees — he had already done that — but to prescribe the manner in which they should take; whatever may have been his intention, however, the term '*per sturpes*' as used by him, is as above indicated, meaningless, for the reasons that it is not a word of purchase, and, under the facts of this case, has no application to the distribution of the property among those entitled to take."

The statutes, as they stood at the time of the death of the daughter, specifically included the husband. It cannot, in any sense, be said that the use of the words "*per stirpes*" in this will indicates that he was to be excluded.

I, therefore, dissent and vote to reverse.

Hill, P. J., concurs with Bliss, J.