In the Matter of the Accounting of NATIONAL CITY BANK OF
NEW YORK et al., as Surviving Trustees under the Will of
FELIX CAMPBELL, Deceased.

Surrogate's Court, Kings County, October 23, 1947.

*Good & Kent* for trustees.

*William T. Foley, Jr.,* for Alice C. Good, individually.

*James H. Hickey* for Edwin H. Denby, individually and as one of executors of Sadie Campbell Denby, deceased.

*Miles F. McDonald,* special guardian for Gerard W. Smith and others, infants.

McGAREY, S. This is a proceeding for the judicial settlement of the accounts of the trustees of the trust under clause sixteenth of the testator's will and construction thereof is sought to determine the proper distribution of the remainder interests.

Testator died November 2, 1902, leaving a last will and testament, executed June 14, 1895, and three codicils thereto, which were admitted to probate. The provisions of the codicils have no bearing on the construction involved.

Testator provided in the sixteenth clause of his will for the establishment of a trust in the principal sum of $100,000 for the benefit of his daughter, Minnie, with the income therefrom payable to her during her life. On her death without issue the trustees were to divide the principal into as many equal parts as Minnie should leave sisters her surviving and to pay over to each such sister the income from the subshare so allotted to her during her life and, upon the death of each sister, " to pay, assign and turn over the capital of such sub-share so set apart for the benefit of each of said sisters of my daughter Minnie so dying to the next of kin of such sister of my daughter Minnie who would have been entitled to receive the same according to the laws of the State of New York in case such sister of my daughter Minnie had been the absolute owner of such sub-share at the time of her death."

Minnie died March 18, 1942, leaving no issue her surviving, but survived by her two sisters, Sadie and Alice. Another sister, Susie, predeceased her without issue on May 28, 1928. The trust for Minnie was one of four set up by the testator, one for each of his four daughters, each having similar provisions. Upon the death of Minnie the principal of her trust was divided in half and continued in trust for Sadie and Alice. Sadie died on July 27, 1943, and the principal of the half of Minnie's trust allotted to her is now distributable. Sadie left no issue her surviving but was survived by her husband and her sister, Alice.

The sole question to be determined is whether the surviving spouse of Sadie is entitled to share in the distribution of the fund involved herein as one of the " next of kin of such sister

of my daughter Minnie who would have been entitled to receive the same according to the laws of the State of New York in case such sister of my daughter Minnie had been the absolute owner of such sub-share at the time of her death.''

Section 21 of chapter 229 of the Laws of 1929 governs the construction of this testator's will, he having died prior to September 1, 1930. That section provides that the amendments to sections 81 and 83 of the Decedent Estate Law contained in said chapter, as well as certain other amendments contained therein, '' apply only to the estates or wills of persons dying after August thirty-first, nineteen hundred and thirty; and the provisions of law affected by such sections in force prior to the taking effect of this act shall apply to the estates and wills of all persons dying prior to September, first, nineteen hundred and thirty, with the same force and effect as if they were not hereby amended.''

The direction of paragraph 12 of clause 16 of the will presently before the court is similar to the directions contained in the wills in *Matter of Waring* (275 N. Y. 6) and *Matter of Battell* (286 N. Y. 97). In *Matter of Waring* (*supra*) the principal was distributable, at the death of the life beneficiary, to the *next of kin* of the life beneficiary. In *Matter of Battell* (*supra*) the principal was distributable, at the death of the life beneficiary, to the *heirs at law* of the life beneficiary. The Court of Appeals held in both cases that the law to be applied in construing the language of a will where the testator died prior to September 1, 1930, is the law that was in effect on August 31, 1930, by reason of the express provision of section 21 of chapter 229 of the Laws of 1929 to the effect that the amendments to the Decedent Estate Law contained in that chapter should apply only to estates and wills of persons dying after August 31, 1930.

It is true that these cases recognize that an exception to the rule stated by them exists in a situation in which the will of a testator who died prior to September 1, 1930, provides that the fund shall be distributed '' according to the laws of the State of New York in effect at the time of the death of '' the life beneficiary and that in such a situation distribution is to be made under the law in effect at the actual date of death of the life beneficiary. (*Matter of Waring, supra,* pp. 13–14.) The language quoted above is not the language of the will in the case at bar. This will directs that distribution be made to the *next of kin* of Sadie and the court holds that the inclusion of the term *next of kin* in the direction for distribution of the

remainder requires the application of the general rule set forth in *Matter of Waring (supra)*, where the court stated at page 13: " He did not say or intend to say that the residue was to be distributed to those who would be entitled to inherit under the Statute of Distribution existing at that time. He specifically said it should go to his ' next of kin.' No matter to whom his estate might otherwise go at that time under any statute relating to the distribution of the estate of an intestate, he limited the passing of his property to relatives of the blood, viz., to his ' next of kin ' " and *Matter of Battell (supra)*, where the court stated at page 104: " The will was made and the testator died long prior to August 31, 1930. As we have said before, it was *his estate* to whose distribution applicable law must be applied. By the express mandate of the statute the law in effect prior to August 31, 1930, is the only law in effect applicable to the distribution of the corpus of the trust in question and requires distribution of the fund to respondents. Nothing to the contrary has been said in *Matter of Waring (supra)*."

While it is true that the surviving spouse of the daughter, Sadie, would take as one of her distributees any property of which she died the absolute owner because of the provisions of section 47-c of the Decedent Estate Law and the fact that her death occurred after the effective date of that statute, or would be included within the term " next of kin " under any will of a person who died after March 28, 1938, the effective date of section 47-c of the Decedent Estate Law, nevertheless, section 21 of chapter 229 of the Laws of 1929 limits the application of the amendments to sections 81 and 83 of the Decedent Estate Law to estates or wills of persons dying subsequent to August 31, 1930. This testator died November 2, 1902.

The Court of Appeals, in *Matter of Battell (supra,* opinion by Judge RIPPEY), affirmed the decision of the Appellate Division (261 App. Div. 120) where Mr. Justice JOHNSTON writing for a unanimous court at pages 124 *et seq.* has so clearly stated the applicable rule and the reasoning underlying it that no useful purpose would be served by repeating it or paraphrasing it.

This testator did not use the language which Judge RIPPEY said might constitute an exception. He did use the words " next of kin " which had for centuries prior to his death or the execution of his will excluded the surviving spouse. At no time prior to the execution of this testator's will or his death had the words " next of kin " ever included a surviving spouse.

It is the intent of the testator that must govern and this court in construing his will should follow such intent where it is

clearly expressed. The testamentary scheme of this testator was to confine his beneficence to his blood relatives, except for minor bequests to charity and an annuity for his sister-in-law. When he used the phrase "next of kin" in his will when it was drawn in 1895 he did not intend to include a surviving spouse of any of his daughters and when he said "next of kin" who would take his property as if his daughter died the absolute owner thereof he meant "next of kin" as the phrase was understood at the time of his death. The Legislature in the amendment and revision of the statutes in 1929 recognized this fact and the possibility and probability that testators had used phrases which had acquired a definite meaning and any enlargement of the phrase "next of kin" made by the statute should not in good conscience apply to wills executed prior to the effective date of the statute or estates or persons dying prior thereto.

The surviving spouse in the instant case urges that the enactment of section 47-c of Decedent Estate Law bars the application of the rule set forth in *Matter of Waring (supra)* and *Matter of Battell (supra)*. Section 47-c became effective March 28, 1938 (L. 1938, ch. 181), and provides: "*Heirs at law and next of kin defined.* When used in a statute, in a will or in any other written instrument prescribing the devolution of property rights and unless the statute, the will or the instrument shall expressly or impliedly declare otherwise the terms 'heirs,' 'heirs at law,' 'next of kin' and 'distributees' and any terms of like import shall be deemed and shall be construed to mean the distributees, including a surviving spouse, who are defined in section eighty-three of Decedent Estate Law."

It has, however, been held that section 47-c has no retroactive effect and, therefore, is not applicable to the wills of persons who died before its effective date. (See *Matter of Koch,* 282 N. Y. 462; *Matter of Wolf,* 284 N. Y. 644.)

While *Matter of Battell (supra)* did not involve the right of a surviving spouse, the life beneficiary whose death gave rise to the controversy died May 5, 1939, which was subsequent to the effective date of section 47-c.

Proceed accordingly.