In the Matter of the Accounting of ANNA M. BARRY, as Substituted Trustee under the Will of ALBERT BURK, Deceased.

Surrogate's Court, Orange County, December 19, 1947.

*Clifford S. Beattie* for trustee, petitioner.

*Willard B. Vandervoort* for Christine Patterson and others, respondents.

*F. Lloyd Barry* for Annie M. Barry and others, respondents.

*Frank R. Abbott* for Mary E. Wright, respondent.

*Albert W. Davis,* special guardian of unknown persons who may be infants or incompetents.

TAYLOR, S.  The fund here involved is ready for distribution, upon this accounting, and the substituted testamentary trustee has requested the court to construe the decedent's will in order that proper distribution may be made.

Although the will is short, different and conflicting interpretations of it are earnestly urged.  The two dispositive clauses are as follows:

" First:  I give, devise and bequeath all my estate, both real and personal, unto my executor hereinafter named, in trust, to hold and to invest the same and to pay the income therefrom semi-annually unto my wife for and during her natural life.

" Second:  Upon the death of my wife, I order and direct my said executor to pay and distribute the one-half of all my said estate unto my nearest of kin in equal shares and to pay and distribute the other half of all my said estate unto the nearest of kin of my wife in equal shares ".

" As of what time shall we call the roll? " is the question. Are the remainders vested and, if so, as of the testator's death, which occurred April 21, 1931, or as of the life tenant's death, which occurred April 26, 1947?  Or, rather than a vested or contingent remainder question, are we to apply the " divide and

pay over" rule and the rule of identification of those of a class?

It is to be observed that other than with respect to the life estate there are no words of immediate gift, there being an order and direction to the executor "to pay and distribute". The Surrogate determines that the "divide and pay over" rule is applicable, and therefore there was no vesting of the remainder until the life tenant's death. (*Matter of Bostwick,* 236 N. Y. 242.)

There is another well established rule applicable here. It is that where the gift is not *nominatim,* but is to a class, only those members of the class at the time of possession take, and that can be only at the termination of the life tenancy. (*Gilliam* v. *Guaranty Trust Co.,* 186 N. Y. 127; *Mersereau* v. *Katz,* 197 App. Div. 895; *Matter of Maine,* 190 Misc. 226; *Matter of Wheeler,* 190 Misc. 499.)

One does not have "distributees", "heirs", "next of kin" or "nearest of kin" for the purpose of property distribution until after his passing from this life, and it cannot be assumed that the testator intended that the objects of his testamentary bounty in his family should be determined as of the time of his death, despite possible changes which might take place before the property vested in possession, as he had provided for a life estate in all his property, and, too, it is not likely that he intended his beneficiaries should be identified as of one time and those of his wife as of another time.

The Surrogate decides, therefore, that the identity of the remaindermen is to be determined as of the date of death of the life income beneficiary.

Other problems are presented. The remainder is to be divided equally between testator's "nearest of kin in equal shares" and the wife's "nearest of kin in equal shares". Had the testator used the term "next of kin," there would be no difficulty for those words have a definite meaning.

At the time of the making of the will, testator had one brother and three sisters living, no brother or sister having predeceased him. All these, brother and sisters, were living at testator's death. On the wife's side, at the time of the making of the will, she had three living brothers, one sister and one brother from whom no one heard in years (and who was declared dead in a prior accounting in this estate).

The wife's family did not change between the making of her husband's will and his death, except in the death of one brother who left three children him surviving, but in the interim between

her husband's and her death, her brothers James and Michael Brady died, the former leaving children and grandchildren, the latter leaving a widow, Ella M. Brady, not mentioned in the petition, but for whom counsel appears, and a son who also predeceased the life tenant without issue him surviving. At the time of the making of the will, testator's brother and sisters were his distributees, and at the same time, save possibly, as to the wife's brother from whom no one had heard in years, her distributees would have been her brothers and sister. Had the testator intended to benefit brothers and sisters of himself and his wife, he could very easily have so stated, and having failed to use common words which could unmistakably have so indicated, using instead the words " nearest of kin ", some other meaning must be ascribed to the words used. Having in mind the rule that in ambiguous situations, equality is favored (*Matter of Makeever*, 162 Misc. 281), and the expression actually used being so close to " next of kin ", the Surrogate determines that such was testator's intention. The words " in equal shares " were apparently used to indicate equality among stocks. (*Matter of Wheeler*, 190 Misc. 499.)

Before determining to whom distribution should be made and in what proportions, one more question is to be solved. The testator made his will and died before the effective date of section 47-c of the Decedent Estate Law (L. 1938, ch. 181, eff. March 28, 1938) but his wife died thereafter. At the time of testator's death, his wife had a brother, Michael Brady, who predeceased the wife, and left a wife, Ella M. Brady, who is still living. As it has been already determined that the roll is to be called as of the death of testator's wife, the testator is presumed to have known that not only would the identity of the beneficiaries remain in suspense and might change through deaths, but that the law of descent and distribution might be changed. (*Matter of Koch*, 282 N. Y. 462.) Michael Brady, the wife's brother, having survived the testator and died before his sister, his, Michael Brady's widow is his sole distributee. (Decedent Estate Law, § 47-c; *Matter of Koch*, 282 N. Y. 462, *supra*; *Matter of Maine*, 190 Misc. 226, *supra*.)

My learned colleague Surrogate McGarey, of Kings County, argued very persuasively to the contrary in *Matter of Campbell* (190 Misc. 705) but the decision here is based upon the premise heretofore stated that the testator projected his will into the future, selected as the remaindermen a changing class, changing not only because of death but possibly because of statutory amendments. Had he desired to have applied the rule of law

in effect at the time of his death, it is a fair assumption he would have so stated.

The remaindermen and the shares to which each is entitled are as follows:

### Next of Kin of Albert Burk

| | Percentage of whole estate |
|---|---|
| Henry Hohberger, brother, who survived testator, but predeceased life tenant leaving surviving | |
| Kathryn E. Kohberger..................... | 1/14 |
| Barbara K. Totten......................... | 1/14 |
| Paul B. Kohberger...................... | 1/14 |
| Bertha Gillespie, sister, who survived testator, but predeceased life tenant leaving surviving | |
| William H. K. McDiarmid................. | 1/14 |
| Sophia Bradley, sister, who survived testator, but predeceased left tenant leaving surviving | |
| Margaret M. Bacon...................... | 1/14 |
| Sophie F. Riesenacker.................... | 1/14 |
| Bertha K. Hall........................... | 1/14 |
| Helena W. Kunath, sister, who survived testator, but predeceased life tenant who left no husband and no children ................................ | .... |

### Next of Kin of Annie Burk

| | Percentage of whole estate |
|---|---|
| Mary E. Wright, sister........................ | 1/8 |
| Philip Brady, brother, who predeceased testator and life tenant leaving surviving | |
| Philip Brady ............................. | 1/24 |
| Christine Patterson ...................... | 1/24 |
| Anna Farrell ............................ | 1/24 |
| James Brady, brother, who survived testator, but predeceased life tenant leaving surviving | |
| Annie Marie Barry........................ | 1/32 |
| James W. Brady........................... | 1/32 |
| Dorothy Due ............................. | 1/32 |
| Philip Brady, deceased, leaving | |
| Marie Dalrymple ........................ | 1/96 |
| Elizabeth Gavin ........................ | 1/96 |
| Charles Brady .......................... | 1/96 |
| John Brady, brother, deceased.................... | .... |

Michael Brady, brother, who survived testator, but predeceased life tenant leaving surviving Albert Brady, son, who predeceased life tenant leaving no issue. Said Michael Brady left him surviving, a widow,

    Ella M. Brady............................... 1/8

Allowances will be fixed upon the settlement of the decree. Decree may be settled by consent or upon five days' notice.