In the Matter of the Accounting of HALTON D. BLY, as Administrator C. T. A. and Trustee under the Will of HENRY S. MACKIE, Deceased.

Surrogate's Court, Monroe County, January 4, 1952.

*Halton D. Bly,* as administrator c. t. a. and trustee, petitioner in person.

*Lester H. Rappaport* for Mary G. Mackie and another, respondents.

*William B. Gelb* for William T. Mackie, Jr., and another, respondents.

*Maurice G. Lynn* for Charles T. Mackie, respondent.

*Thomas H. Crone,* as executor of Louis F. Mackie, Sr., deceased, respondent in person.

WITMER, S. Contruction of the will in this judicial settlement proceeding is asked to determine whether the widow, Mary G. Mackie, and the adopted child, Janet Mackie Ball, of testator's son, Harry S. Mackie, are entitled to share under the will as "lawful heirs" of said son and of another son, Louis F. Mackie, Sr., now deceased, and if so to what extent. Testator made his will in 1910, and died the next year. Most of his estate passed under the residuary clause (paragraph "Fifth") to trustees in trust for testator's four children, to have the income in equal shares. He then provided:

"In case any of said children shall die before I do, then the share which he or she would have taken had he or she survived me, shall go to his or her heirs.

" After the death of each of my said children the one-fourth of said property so held in trust for each child, I give, devise and bequeath unto the lawful heirs of said children so dying in such shares and proportion as provided by the Laws of the State of New York for the descent and distribution of property of one dying intestate. ''

One son, William T. Mackie, Sr., died in 1943, leaving three children, respondents herein, who in 1944 received the corpus of the trust previously held for the benefit of their father for life. In 1950 a second son, Harry S. Mackie, died leaving his widow, the said Mary G. Mackie, and an adopted daughter, the said Janet M. Ball, respondents, and no other distributees. They are also the executrices of his will.

In 1951 the third son, Louis F. Mackie, Sr., died testate, unmarried, without issue or adopted children, and the executor of his will has been made a party to this proceeding. Testator's fourth child, Marguerite Mackie Schlick, still lives and is a party to this proceeding, but is not represented by counsel in this proceeding. The children of the deceased son, William T. Mackie, Sr., contend that collectively they are entitled to one-half of the remainders of the trust funds heretofore held for the life use of said Harry S. Mackie, deceased, and Louis T. Mackie, Sr., deceased, and that the sister, Marguerite Mackie Schlick, is entitled to the other half of said trust funds. Thus they contend that the widow and adopted daughter of Harry S. Mackie, deceased, do not constitute " lawful heirs" of said life beneficiary within the meaning of the testator's will.

The gift of the remainder of the fund held for the son, Harry S. Mackie, for life, was made to his (Harry S. Mackie's) " lawful heirs * * * in such shares and proportion as provided by the Laws of the State of New York for the descent and distribution of property of one dying intestate.'' This remainder could not vest and the persons entitled thereto could not be determined until the death of the life beneficiary. Under circumstances of this sort, it is clear that the adopted daughter, Janet M. Ball, is an " heir " of the life beneficiary within the meaning of the testator's will, and is entitled to take as such. (*Matter of Cohn*, 184 Misc. 258, affd. 271 App. Div. 775, affd. 297 N. Y. 536; *Matter of Walter*, 270 N. Y. 201; *Matter of Horn*, 256 N. Y. 294; *Gilliam* v. *Guaranty Trust Co.*, 186 N. Y. 127; *Matter of Hecker*, 178 Misc. 449; *Matter of Charles*, 200 Misc. 452; Domestic Relations Law, § 115.) The limitation of section 115 of the Domestic Relations Law, that " As respects the passing and limitation over of * * * property * * * on

the foster parent dying without heirs, the foster child is not deemed the child of the foster parent so as to defeat the rights of remaindermen '', has no applicability here, since there is no provision for such '' limitation over ''.

As to the rights of Mary G. Mackie, widow of the deceased life beneficiary, if this were a matter of first impression I should likewise hold that she is a '' lawful heir '' of her husband and entitled to share as such herein, with confidence that the holding would be affirmed. (See *Matter of Burk,* 190 Misc. 931, affd. 298 N. Y. 450, and mod. 299 N. Y. 308.) But the *Burk* case may not be interpreted as reversing the stand of the Court of Appeals with respect to the status of widows as heirs of deceased life beneficiaries under wills of testators dying before the enactment of section 47-c of the Decedent Estate Law in 1938. (L. 1938, ch. 181.) Hence, upon authority I hold that said Mary G. Mackie is not a '' lawful heir '' of her deceased husband, Harry S. Mackie, so as to share in the remainder of the trust heretofore held for him for life under the testator's will. (*Matter of Waring,* 275 N. Y. 6; *Matter of Battell,* 286 N. Y. 97; *Matter of Cohn,* 184 Misc. 258, 261, affd. 271 App. Div. 775, affd. 297 N. Y. 536, *supra; Matter of Campbell,* 190 Misc. 705; *Matter of Cortright,* 200 Misc. 281.)

Janet M. Ball, therefore, as the sole heir at law of her adoptive father, Harry S. Mackie, is entitled to take all of the remainder of the trust fund held for the life of said Harry S. Mackie, deceased, under the will of the testator herein.

A somewhat different situation exists with respect to the remainder of the fund held in trust for the use of the life beneficiary, Louis F. Mackie, Sr., deceased. Harry S. Mackie having predeceased Louis F. Mackie, Sr., neither his widow (*Matter of Burk,* 299 N. Y. 308, *supra;* Decedent Estate Law, § 83, subd. 6) nor his adopted daughter (*Hopkins* v. *Hopkins,* 202 App. Div. 606, affd. 236 N. Y. 545; *Matter of Hall,* 234 App. Div. 151, affd. 259 N. Y. 637; *Matter of Hodges,* 294 N. Y. 58) is an heir of Louis F. Mackie, Sr. The heirs of Louis F. Mackie, Sr., are his sister, Marguerite Mackie Schlick, who is entitled to one half of the fund heretofore held in trust for the life use of Louis F. Mackie, Sr., and his three nephews, William T. Mackie, Jr., Louis Mackie, Jr., and Charles T. Mackie, being the children and only heirs of William T. Mackie, Sr., deceased brother of Louis F. Mackie, Sr., and said three nephews are each entitled to take a one-sixth share of the fund heretofore held in trust for the life use of Louis F. Mackie, Sr., deceased.

Submit decree accordingly.