In the Matter of the Accounting of Thomas A. Egan, as Administrator of the Estate of Walter H. W. Luberts, Deceased Executor, and Ernest H. Williams, as Surviving Executor of David Mitchell, Deceased.

Surrogate's Court, Kings County, June 25, 1954.

*Young, Balbach, Tilford & Lewis* for petitioners.

*Charles W. Darling,* special guardian for Alastier S. Mitchell, an infant.

RUBENSTEIN, S. Incidental to the accounting of Thomas A. Egan, as administrator of the estate of Walter H. W. Luberts, deceased, one of the executors under the last will and testament of David Mitchell, also known as David Smith Mitchell, deceased, and Ernest H. Williams, surviving executor under said last will and testament of David Mitchell, also known as David Smith Mitchell, deceased, petitioners ask the court to construe subdivision (d) of paragraph "First", to determine the disposition of income and principal of the trusts created by testator.

Testator died on August 5, 1943, leaving a will dated December 30, 1942, and a codicil thereto dated January 23, 1943, which were duly admitted to probate in this court on April 24, 1944.

By paragraph "First" of his will, testator gave all his property to his trustees in trust to pay the principal and income as follows: 40% thereof to David Mitchell, a nephew, who resided in Scotland; 40% thereof to David Mitchell, another nephew, who resided in Canada, and 20% thereof to Isobel Mitchell Esslie, a niece, residing in New York State.

By subdivision (d) of said paragraph, testator further provided that if either or both of his said nephews should die before the termination of the trust, " the income or principal (or both) " of the trust payable to such nephew or nephews, " had he or they survived the termination of this trust, shall be paid to the lawful descendants of such nephew him surviving, per stirpes, or should such nephew leave no lawful descendants him surviving then to his legal heirs, per stirpes."

The trust was measured by two lives in being, namely, Isobel Mitchell Esslie, a niece, and David Mitchell, the nephew who resided in Canada, or until fifteen years after testator's death, whichever event first occurred. The proviso for the continuation of the trust for a specified number of years is not in violation of the statutes (Real Property Law, § 42; Personal Property Law, § 11), since it does not extend beyond two lives in being and could sooner terminate by death of such persons prior to the expiration of fifteen years (*Matter of Mitchell,* 73 N. Y. S. 2d 910; *Schermerhorn* v. *Cotting,* 131 N. Y. 48; *Kahn* v. *Tierney,* 135 App. Div. 897, affd. 201 N. Y. 516).

Both of testator's nephews have died prior to the termination of the trust and the question arises as to whom the income and principal are payable.

Testator's nephew, David Mitchell, who resided in Scotland, died on September 29, 1947, leaving him surviving a widow, Mae E. G. Mitchell, and an infant son, Alastier Samson Mitchell. Under subdivision (d) of his will, the testator clearly expressed his intention that in the event either of his nephews died during the duration of the trust, the income payable to such nephew had he lived, is payable, '' to the lawful descendants of such nephew him surviving ''. The son, Alastier Samson Mitchell, is the only descendant of said testator's nephew and is entitled to what his father would have been entitled to had he lived (*Matter of Holyland,* 116 N. Y. S. 2d 628, 631). The language used by testator excludes the spouse of said nephew and section 47-c of the Decedent Estate Law has no application to her (*Matter of Moffitt,* 171 Misc. 84, affd. 258 App. Div. 992, affd. 283 N. Y. 743). A surviving spouse is not a descendant (*Matter of Schmitt,* 175 Misc. 180; *Matter of Blazej,* 175 Misc. 283; *Hillen* v. *Iselin,* 144 N. Y. 365, 374–375).

A different factual situation is presented with respect to testator's nephew, David Mitchell, who resided in Canada and died on September 16, 1949, survived by his widow, Jean Harvie Mitchell, his mother, a brother and two sisters and no children. The testator provided for such an eventuality by directing in said subdivision (d) of his will that '' should such nephew leave no lawful descendants him surviving then to his legal heirs, per stirpes.'' Since said nephew left no descendants, the question arises as to the intention of the testator by the phrase, '' legal heirs, per stirpes.'' The words, '' per stirpes '' would apply to descendants of testator's nephew if he had any. But, since he left no descendants, the words, '' per stirpes '' have no application to the phrase, '' legal heirs '' (*Matter of Koch,*

282 N. Y. 462; *Matter of Burk,* 190 Misc. 931, mod. 273 App. Div. 1012, revd. by Court of Appeals and decree of Surrogate affd. 298 N. Y. 450).

The will was executed in 1942 subsequent to the effective date of section 47-c of the Decedent Estate Law, which provides that unless a will expressly or impliedly declares otherwise, the term, " heirs at law " and any term of like import shall be construed to mean " the distributees, including a surviving spouse ". The testator must be deemed to have intended the meaning that the statute imports to the use of the term, " heirs " (*Matter of Angarica,* 157 Misc. 98; *Matter of Fischer,* 188 Misc. 654).

The court determines that Jean Harvie Mitchell, the widow of David Mitchell, residing in Canada, is entitled to share in the income of the trust which her husband would have been entitled to had he lived (*Matter of Maine,* 190 Misc. 226; *Matter of O'Leary,* 100 N. Y. S. 2d 86; *Matter of Leffert,* 112 N. Y. S. 2d 874).

The claim of deceased attorney for services rendered the testator has been proved and is allowed.

The compensation requested on behalf of the deceased attorney for services rendered by him to the estate is fair and reasonable and is allowed.

Submit decree, on notice, accordingly.