Joseph W. Cribe, S.
This is a proceeding for the construction of the will of Margaret B. Post. She died on April 8, 1947, a resident of Ontario County, New York, leaving a last will and testament executed on March 2, 1944. On April 18, 1947, the will was admitted to probate in this court and letters testamentary and of trusteeship were issued to the petitioner.
The third paragraph of the will reads as follows: ‘ ‘ third. I give and bequeath unto the Rochester Trust and Safe Deposit Company of Rochester, N. Y., a banking corporation with its place of business at the City of Rochester, N. Y., the sum of One Hundred Thousand Dollars ($100,000.00), in trust, however, to inyest the same and keep the same invested and collect and receive the proceeds and income therefrom and pay the same over unto my son, Abram A. Post, for and during the term of his natural life. Upon the death of my said son said trust shall cease and terminate and I give and bequeath said sum of One Hundred Thousand Dollars ($100,000.00) to the legal heirs of my said son who shall then be living, to be divided between them per stirpes and not per capita.”
It is this paragraph which the petitioner prays that the court will construe. In particular, the petitioner prays for a judicial determination of the identity of the legal heirs of the life beneficiary, Abram A. Post, and a judicial determination of the person or persons now entitled to receive, as remaindermen, the trust corpus.
Abram A. Post, the life beneficiary, died. August 3, 1968, a resident of the State of California, leaving his wife, Doris Post, his brother, Thomas B. Post and his sister, Ann Post Stiker, him *100 surviving. The said Abram A. Post left no issue, descendants or ancestors surviving. The life beneficiary and the said Thomas B. Post and Ann Post Stiker were the only children of the testatrix. Abram A. Post did not marry until after the death of his mother.
By the second paragraph of her will, the testatrix gave her jewelry, personal effects and household furniture to her son, Thomas B. Post. By the fourth paragraph of her will, the testatrix devised all of her real estate to the said. Abram A. Post. The residue of her. estate was given in equal shares to her three children. The will was drafted by an experienced and competent draftsman, C. Willard Bice, Esq., now deceased.
It is the position of Thomas B. Post, Ann Post Stiker, and the trustee that the testatrix intended that the heirs of the life beneficiary should include the brother and sister of the life beneficiary and should exclude the surviving wife of the life beneficiary. Opposed to this position, however, is that of the life beneficiary’s surviving spouse, Doris Post, who contends that she is the only legal heir of Abram A. Post and, therefore, entitled to the entire remainder of the.trust.
The property in question passes under the will of Margaret B. Post, and all parties are in accord that the laws of New York State and not the laws of. California govern the distribution of the trust principal. Briefs submitted by the respective parties further reveal an accord on their part that it is the law in effect at the date of death of the life beneficiary which determines who is to take the remander as his “ legal heirs ”. This contention is correct. (New York Life Ins. & Trust Co. v. Winthrop, 237 N. Y. 93; Matter of Waring, 275 N. Y. 6.) Stated another way, legacies given to a class vest in those who answer the description at time of distribution. (Teed v. Morton, 60 N. Y. 502.)
Since the life beneficiary, Abram A. Post, died August 3, 1968, it is his widow’s contention that the provisions of the relatively new Estates, Powers and Trust Law should govern inasmuch as it replaced the former Decedent Estate Law effective September 1, 1967. EPTL 2-1.1 defines heirs at law and next of kin and reads as follows: ‘ ‘ Whenever used in a statute or instrument, unless a contrary intention is expressed therein, the term ‘ heirs ’, 1 heirs at law ’, ‘ next of kin ’ or any term of like import means the distributees, as defined in 1-2.5.”
Distributee is defined in EPTL 1-2.5 as follows: “ A distributee is a person entitled to take or share in the property of a decedent under the statutes governing descent and distribution.”
*101 The applicable provision of the present descent and distribution statute is found in EPTL 4-1.1 (subd. [a], par. [5]); it reads as follows: “ If a decedent is survived by: * # * a spouse, and no issue or parent, the whole to the spouse.”
It is the contention of Thomas B. Post, Ann Post Stiker, and the trustee, however, that the determination should be made pursuant to section 47-c of the former Decedent Estate Law, and in support of such contention they cite EPTL 14-1.1 (subd. [bj, par. [2]) and EPTL 1-1.5. EPTL 14-1.1 (subd. [b], par. [2]) provides that notwithstanding the repeal of certain laws (which would include the repeal of Decedent Estate Law, § 47-c). “ Any repealed statute shall continue to apply to any instrument to which it would have applied had it not been repealed, whenever, under 1-1.5, such instrument is not subject to the provisions of this chapter either because its creator was not living on the effective date of this chapter or because rights accrued under such instrument which cannot be impaired or defeated by this chapter.”
EPTL 1-1.5 reads as follows: “Unless otherwise stated therein, the provisions of this chapter apply to the estates, and to instruments making dispositions or appointments thereof, of persons living on its effective date or born subsequent thereto, without regard to the date of execution of any such instrument; except that the provisions of this chapter shall not impair or defeat any rights which have accrued under dispositions or appointments in effect prior to its effective date. ’ ’
In this proceeding we are dealing with the estate of Margaret B. Post, under whose will the trust in question was established. Since said Margaret B. Post, died April 8, 1947, she was not living on the effective date of the Estates, Powers and Trust Law. The new law does not “apply” pursuant to EPTL 1-1.5. The practice commentary by Samuel Hoffman which follows said section (in McKinney’s Cons. Laws of N. Y., Book 17B, pt. 1, p. 6) reads in part as follows: “ This section establishes that the new law is applicable to the estate of any person ‘ living "on its effective date or born subsequent thereto ’ and to any instrument which purports to dispose of or appoint the assets of such estate. ’ ’
Having thus determined that section 47-c of the Decedent Estate Law is applicable, the determination of its interpretation in the light of the facts of this case is now required. Said section read as follows: 11 When used in a statute, in a will or in any other written instrument prescribing the devolution of property rights and unless the statute, the will or the instrument shall expressly or impliedly declare otherwise the terms *102 * heirs,’ ‘ heirs at law,’ ‘ next of kin ’ and ‘ distributees ’ and any terms of like import shall be deemed and shall be construed to mean the distributees, including a surviving spouse, who are defined in section eighty-three of Decedent Estate Law.”
It is interesting to note that the practice commentary and revision notes then following EPTL 2-1.1 indicate that said new section re-enacts section 47-c without substantive change, and that it is designed to assimilate such common-law terms as “ heirs at law ” and “ next of kin ” to the term “ distributee.” While a surviving spouse is specifically mentioned in section 47-c of the Decedent Estate Law and not specifically mentioned in EPTL 2-1.1, her rights remain protected under the new law as a distributee. Both sections state, in fact, that unless a contrary intention is expressed therein the terms ‘1 heirs ” or 1 ‘ heirs at law” shall mean the distributees. Thus, it is obvious that there is little difference between the two sections but, as above stated, section 47-c of the Decedent Estate Law is the governing section in this proceeding.
The question arises, therefore, as to whether or not the testatrix, Margaret B. Post, expressly or impliedly by her will declared otherwise than that the terms ‘1 heirs ” or “ heirs at law ’ ’ should be deemed and construed to mean distributees and a surviving spouse, in that she stated in paragraph third of her will that upon termination of the trust the corpus was to be given and bequeathed to the ‘ ‘ legal heirs of my said son who shall then be living, to be divided between them, per stirpes and not per capita. ’ ’
Upon this point a leading case is that of Matter of Moffitt (171 Misc. 84, affd. 258 App. Div. 992, affd. 283 N. Y. 743) in which the testator created a trust for the benefit of his daughter and upon her death gave “ the principal of said trust fund — to the heirs of my daughter per stirpes; ” this language is very similar to that used in the will of Margaret B. Post. In the Moffitt case the life beneficiary died November 3, 1968, survived by her husband and four children. The Surrogate ruled that the provisions of section 47-c of the Decedent Estate Law did not inure to the benefit of the surviving spouse of the life beneficiary and wrote in part as follows: “I am constrained to hold that the provisions of section 47-c of the Decedent Estate Law, conferring benefits upon the surviving spouse, do not apply to the case at bar because the will itself comes within the meaning of the exception expressed therein. The statute defines ‘ heirs ’ to include ‘ a surviving spouse,’ unless the will ‘ shall expressly or impliedly declare otherwise. ’ * * * When he used the words ‘ heirs of my daughter * * * per *103 stirpes ’ he was thinking of who might he the potential heirs by blood, and not otherwise. The words ‘ per stirpes ’ contemplate blood relatives, and mean ‘ go to the nearest stock, or go back to the nearest stock, ’ which would exclude a son-in-law or other relative not of the blood.” (171 Misc. 84-85.)
This decision of the Surrogate was affirmed by the Appellate Division and unanimously affirmed by the Court of Appeals and appears to be good law today. I am not unmindful of Matter of Mitchell (206 Misc. 321) in which the court held that under section 47-c of the Decedent Estate Law a widow was entitled to share. This was a lower court decision and was never appealed with the result that the Moffitt case which was appealed and affirmed should govern in this situation. In the Mitchell case the trust remainder was left to the descendants of the testator’s nephew and in default of such descendants then to the nephew’s “legal heirs, per stirpes.” The nephew left no descendants but left his widow, his mother, a brother and two sisters. The court held that under section 47-c of the Decedent Estate Law the widow was entitled to share, stating in part that, since the nephew left no descendants, the words “ per stirpes ” had no application to the phrase ‘ ‘ legal heirs ’ ’. While the Mitchell case was decided after the Moffitt case, the Moffitt case should control since it is the general rule that where distribution is to be made to the heirs as a class, and the persons indicated are of different degrees of relationship, the distribution will be per stirpes. (7 Warren’s Heaton, Surrogates’ Courts [6th ed.], § 46, par. 7.)
Furthermore, the court in the Moffitt case did not stress or emphasize the role of the surviving issue and there is nothing in the decision to indicate that the result would have been different if, instead of children, the life beneficiary had left a brother, sister, or other distributees.
At the time of drawing her will the testatrix, Margaret B. Post, had three children: Thomas B. Post, Ann Post Stiker, and Abram A. Post, the beneficiary of the trust in question. Abram A. Post was not married at the time of the execution of said will, nor did he have children of a prior marriage. Upon the death of Abram A. Post, the testatrix intended, in my opinion, that the corpus of the trust should then go to her other two children or their issue as the will stated “ to be divided between them per stirpes and not per capita.” There is nothing in the will indicating an intention not to benefit Thomas B. Post or Ann Post Stiker, as the residuary clause of her will gave and bequeathed all the residue of her property unto her three children share and share alike. Even, if EPTL 2-1.1 were held to *104 apply in this case rather than section 47-c of the Decedent Estate Law, the result would be the same because, as stated above, the new section was designed to assimilate common-law terms and because the new section states it is applicable, “ unless a contrary intention is expressed therein.” Such intention was expressed by the use of the familiar words “ per stirpes.”
The corpus of the trust should now be distributed by the trustee in equal shares to Thomas B. Post and Ann Post Stiker, to the exclusion of Doris Post.