In the Matter of the Will of KATHARINE KOCH, Deceased. ALIDA KOCH, Appellant; LOUISE ZUBER, as Administratrix with the Will Annexed of the Estate of KATHARINE KOCH, Deceased, Respondent.

Argued February 28, 1940; decided April 16, 1940.

*Glenn W. Woodin* for appellant. Under the statutes in force on the date of the death of testatrix the appellant, as the surviving spouse of Frank J. Koch, was his heir and takes the share given to him by the will. (*N. Y. Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93; *Dwight* v. *Fancher*, 245 N. Y. 71; *Matter of Milliette*, 123 Misc. Rep. 745; *Gilliam* v. *Guaranty Trust Co.*, 186 N. Y. 127; *Beetson*

v. *Stoops*, 186 N. Y. 456; *Stokes* v. *Weston*, 142 N. Y. 433; *Nelson* v. *Russell*, 135 N. Y. 137; *Matter of Fordham*, 235 N. Y. 384; *Matter of Ward*, 162 Misc. Rep. 855; 251 App. Div. 781; *Matter of Chalmers*, 264 N. Y. 239; *Johnston* v. *Brasington*, 156 N. Y. 181; *New York Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93; *Matter of Canfield*, 136 Misc. Rep. 551; 231 App. Div. 708; 256 N. Y. 610; *United States Trust Co.* v. *Nathan*, 196 App. Div. 126; 233 N. Y. 505.)

· *William J. Driscoll* and *Marvin G. Schwert* for respondent. The intention of the testatrix in disposing of her residuary estate is to be ascertained not by what occurred long after execution of her will, but by what was apparently or presumably in her contemplation at the time she was making it. (*Matter of Hoffman*, 201 N. Y. 247; *Morris* v. *Sickly*, 133 N. Y. 456; *McLean* v. *Freeman*, 70 N. Y. 81.) The use of the words, " to his or her heirs," intentionally excludes appellant. (*Tillman* v. *Davis*, 95 N. Y. 17; *Murdock* v. *Ward*, 67 N. Y. 387; *Keteltas* v. *Keteltas*, 72 N. Y. 312; *Luce* v. *Dunham*, 69 N. Y. 36; *Platt* v. *Mickle*, 137 N. Y. 106; *Snider* v. *Snider*, 160 N. Y. 151; *Bayley* v. *Lawrence*, 133 App. Div. 888; 197 N. Y. 593; *Matter of Waring*, 275 N. Y. 6; *Matter of Lake*, 170 Misc. Rep. 840; *Matter of Wintringham*, 292 N. Y. Supp. 290.) The date on which distribution to appellant should be based is the date of the death of Frank J. Koch. (*Matter of Waring*, 275 N. Y. 6; *Matter of Canfield*, 256 N. Y. 610; *Matter of Scudder*, 282 N. Y. Supp. 261.) Section 47-c of the Decedent Estate Law (Cons. Laws, ch. 13) is not applicable to the instant case, for it was not intended that the section should affect wills executed prior to its enactment. (*Matter of Lake*, 170 Misc. Rep. 840; *Matter of Waring*, 275 N. Y. 6; *Matter of Germaine*, 268 N. Y. 475; *Lawrence* v. *DeRham*, 136 Misc. Rep. 518; *Matter of Mann*, 138 Misc. Rep. 42; *Matter of Taft*, 143 Misc. Rep. 387.)

CONWAY, J. The testatrix, Katharine Koch, executed her ' will on May 27, 1916. She gave, devised and bequeathed

all her property, both real and personal, to her children, naming them, share and share alike. She then provided: "In case of the death of any of the above named children, I give, devise and bequeath his or her share to his or her heirs." Frank J. Koch was one of the children. He predeceased testatrix on December 13, 1929, leaving no issue. He was survived by his widow, Alida Koch, the appellant: At the time of the execution of the will Alida Koch was neither heir at law nor next of kin of Frank J. Koch. (*Tillman* v. *Davis*, 95 N. Y. 17; *Murdock* v. *Ward*, 67 N. Y. 387; *Platt* v. *Mickle*, 137 N. Y. 106.) The Appellate Division decided that she was not entitled to take her husband's share of the estate, on the authority of *Matter of Waring* (275 N. Y. 6). Subsequent to that decision the Decedent Estate Law (Cons. Laws, ch. 13) was amended (L. 1938, ch. 181) by adding section 47-c, which became effective March 28, 1938. That section provides: "When used in a statute, in a will or in any other written instrument prescribing the devolution of property rights and unless the statute, the will or the instrument shall expressly or impliedly declare otherwise the terms 'heirs,' 'heirs at law,' 'next of kin' and 'distributees' and any terms of like import shall be deemed and shall be construed to mean the distributees, including a *surviving spouse*, who are defined in section eighty-three of Decedent Estate Law." In connection with that legislation there appears the following note of the Commission: "This amendment * * * is intended to supplement the amendments to Section 83 of Decedent Estate Law recommended by the Commission to Investigate Defects in the Law of Estates and subsequently enacted by the legislature. The new amendment seems to be required because of comment contained in the opinion in *Matter of Waring* (275 N. Y. 6; 9 N. E. [2d] 754). In that case the decision was made upon the basis that the language of a will of a person who died in 1907 was to be interpreted in any event in the light of the statute as it existed in 1907. In its opinion, however, the court went beyond the immediate issues in the case and said that the amendment to Section 81 of Decedent Estate Law

effected by Chapter 174 of the Laws of 1930 prescribed only a rule for construction of a statute and that the amendment did not have the effect ascribed to it in the lower court decisions on the subject. The amendment proposed is designed to carry into effect the intent of the revision proposed by the Commission to Investigate Defects in the Law of Estates and to establish beyond controversy that a surviving spouse is to be deemed included among distributees as they are deemed to be defined by the words ' heirs,' ' heirs at law ' and ' next of kin ' and the like. The amendment is in line with the general purposes of the legislation in 1929 and 1930 designed better to protect surviving spouses." (McKinney's Cons. Laws, Book 13, p. 274.)

The testatrix died December 19, 1938, subsequent to the enactment of section 47-c of Decedent Estate Law. We, thus, have a clear indication of legislative intent that the surviving spouse is to be deemed an heir at law and next of kin, at least from the effective date of section 47-c of the Decedent Estate Law. Lines of inheritance are governed by statute and it must be assumed that the testatrix knew that those lines could be changed at any time. (*Gilliam* v. *Guaranty Trust Co.*, 186 N. Y. 127, 128.) She died subsequent to a change and made no new will. Alida Koch is, therefore, entitled to take the share her deceased husband would have taken if living. Such taking is not through her husband's estate but under the will of the testatrix, Katharine Koch. (*Matter of Chalmers*, 264 N. Y. 239, 244.)

This, moreover, is in accord with the reasoning in *Gilliam* v. *Guaranty Trust Co.* (*supra*) where it was said (at p. 133): " The general rule applicable to the facts here presented is well established that when property at a future date is to pass to a certain class of persons it will be distributed amongst the persons who compose such class at the date of distribution. (*Paget* v. *Melcher*, 26 App. Div. 12, 18; affd., 156 N. Y. 399; *Matter of Baer*, 147 N. Y. 348; *Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125; *McGillis* v. *McGillis*, 11 App. Div. 359.) "

The order of the Appellate Division and the decree of the Surrogate's Court should be reversed, with costs in all courts to appellant payable out of the estate, and the matter remitted to the Surrogate's Court for the entry of a decree in accordance with this opinion.

LEHMAN, Ch. J., LOUGHRAN and FINCH, JJ., concur: RIPPEY, J., dissents; SEARS and LEWIS, JJ., taking no part.

Ordered accordingly.