In the Matter of the Estate of JOSEPH BLAZEJ, Deceased.

Surrogate's Court, Nassau County, November 7, 1940.

*Joseph A. Modr*, for the petitioner.

*Frederick J. Raport*, for Bertha Blazej.

*William F. Gerner*, special guardian.

HOWELL, S. The court recalled and withdrew its memorandum of October 22, 1940, for the purpose of giving further consideration to the effect of *Matter of Koch* (282 N. Y. 462) upon the question here presented.

Following the amendments to the Decedent Estate Law (Laws of 1929, chap. 229, and Laws of 1930, chap. 174, effective Sept. 1, 1930), whereby the descent and distribution of real and personal property were made uniform and the share of a surviving spouse in the estate of a deceased spouse increased, the question arose whether a sur-

viving spouse was included within the expressions " heirs at law " or " next of kin " when, for example, a testator by his will gave property to a son if living, but if such son predeceased testator, then to the son's " heirs at law " or " next of kin."

The last sentence of section 81 of the Decedent Estate Law, as thus amended, provided: " Whenever in any statute the words heirs, heirs at law, next of kin, or distributees, are used, such words shall be construed to mean and include the persons entitled to take as provided by this article."

It should be noted that this section applies only to the use of such words in a " statute;" it does not apply to their use in a will or other instrument. It was in line with the balance of section 81 and with the amendments generally abolishing the distinction between heirs at law and next of kin and between the method of descent and distribution of real and personal property.

The Court of Appeals, in *Matter of Waring* (275 N. Y. 6), held that the language of the will of a person who died in 1907 was to be interpreted in the light of the statute as it existed in 1907. In such case an alternative gift over to " heirs at law " or " next of kin " of a primary beneficiary, in the event of his death before that of the testator, would not include the surviving spouse of such beneficiary. That was the extent of the actual decision, but the court in its opinion went further and remarked that the above-noted amendment to section 81 prescribed only a rule for construction of a statute and did not have the effect ascribed to it by decisions of some of the lower courts.

Because of the uncertainty thus created the Commission to Investigate Defects in the Laws of Estates proposed an amendment " designed to carry into effect the intent of the revision," " and to establish beyond controversy that a surviving spouse is to be deemed included among distributees as they are deemed to be defined by the words ' heirs,' ' heirs at law,' and ' next of kin ' and the like. The amendment is in line with the general purposes of the legislation in 1929 and 1930 designed better to protect surviving spouses. (See footnote to Laws of 1938, chap. 181, adding § 47-c to Dec. Est. Law.)

The proposed amendment became section 47-c of the Decedent Estate Law, effective March 28, 1938, and provides as follows: " When used in a statute, in a will or in any other written instrument prescribing the devolution of property rights and unless the statute, the will or the instrument shall expressly or impliedly declare otherwise, the term ' heirs,' ' heirs at law,' ' next of kin ' and ' distributees ' and any terms of like import shall be deemed and shall be construed to mean the distributees, including a sur-

viving spouse, who are defined in section eighty-three of Decedent Estate Law."

This amendment differs from section 81 in that it applies to the use of the designated terms not only in a statute, but also in a will or other instrument prescribing the devolution of property rights. Its effect upon the will of a person who died subsequent to its enactment but whose will was executed prior thereto was the question before the Court of Appeals in *Matter of Koch (supra)*. By her will testatrix left all her property to her children equally and provided: " In case of the death of any of the above named children, I give, devise and bequeath his or her share to his or her heirs." One of the children had predeceased testatrix leaving a surviving spouse but no issue. Referring to *Matter of Waring (supra)*, the note of the Commission above referred to, and the enactment of section 47-c accordingly, the court said (p. 465): " We, thus, have a clear indication of legislative intent that the surviving spouse is to be deemed an heir at law and next of kin, at least from the effective date of section 47-c of the Decedent Estate Law. Lines of inheritance are governed by statute and it must be assumed that the testatrix knew that those lines could be changed at any time. (*Gilliam* v. *Guaranty Trust Co.* 186 N. Y. 127, 128.) She died subsequent to a change and made no new will. Alida Koch is, therefore, entitled to take the share her deceased husband would have taken if living. Such taking is not through her husband's estate but under the will of the testatrix, Katharine Koch."

At first glance some of the words so used by the court might give rise to doubt, which, however, is removed when they are considered in connection with their context. Thus the words " the surviving spouse is to be deemed an heir at law and next of kin," standing alone, or read in connection only with the words " such taking is not through her husband's estate but under the will of the testatrix," might be taken to mean that the surviving wife of the son who predeceased testatrix was heir at law and next of kin, not only of her husband, but also of her husband's mother, the testatrix. It does not seem that any such meaning could have been intended. In using those words the court was stating the effect of section 47-c, which provided that " heirs " should be deemed to mean " the distributees, including a *surviving spouse*, who are defined in section 83 of Decedent Estate Law." Thus when testatrix referred to the " heirs " of her deceased son, she must be taken to mean his " distributees," and thus to include his surviving spouse. Necessarily, therefore, the court meant that the deceased son's spouse was, by statute, made an " heir " of her husband, not of her husband's mother. Just as obvious is it that such surviving spouse took, not

through her husband's estate, but under the testatrix's will, because, by that will, she was one of a class to which a gift was made, *i. e.*, " heirs " of the deceased son, the persons who composed which class, as the court pointed out, must be determined as of the date of distribution.

The court, therefore, did not hold that the surviving wife of a son who predeceased his mother was an heir at law, next of kin or distributee of such mother if the latter died intestate. It, therefore, does not determine the question here presented, namely, whether the surviving spouse of a son who predeceased his father is required to be cited upon the probate of the father's will and has the right to contest it.

If she has such right, it must be because she is " interested;" that is, that she would take some part of or benefit from the death intestate of her deceased husband's father. " Lines of inheritance are governed by statute." (*Matter of Koch, supra.*) That statute, as to persons dying since August 31, 1930, is section 83 of the Decedent Estate Law which was derived from former sections 81 and 98. The latter provided for the distribution of an intestate's personal property, and a surviving spouse was a distributee. The former provided for the descent of an intestate's real property, and in that the surviving spouse did not share (except for the estates of dower and courtesy). New section 83, combining the two former sections, follow substantially the provisions of former section 98, thus making uniform the descent of real property and the distribution of personal property, a surviving spouse taking the same share in each, in the event of the death of the other spouse intestate. Thus was accomplished the Commission's purpose to make uniform the descent of real and the distribution of personal property, and to increase the share of the surviving spouse in the estate of the deceased spouse.

It provides that the real property shall " descend " and the personal property be " distributed " to the " surviving spouse, children or next of kin or other persons " as follows:

(1) If survived by spouse and children, one-third to the spouse and the residue to " the children, *and such persons as legally represent the children if any of them have died before the deceased.*"

(5) If survived by children but by no spouse, to " the children, *and such as legally represent them.*"

(2), (3) and (4) If survived by a spouse, but by " *no child or descendant,*" part to the spouse and part to the parent or parents; if no parent survives, part to the spouse and part to brothers and sisters; if none of the latter and no nephews or nieces survive, then all to the spouse.

The status of a surviving wife as a " distributee " of her deceased husband is thus clearly defined, with respect to his real property as well as with respect to his personal property; substantially the same with respect to the latter as it had been under former section 98, and thus new only as to real property. But if her husband predeceases his father, is she a " distributee " of that father? In such case the distributees of the father under section 83 are his surviving spouse, if any, and " the children, *and such persons as legally represent the children if any of them have died before the deceased* " (subd. 1); or if no surviving spouse, then " the children, and such as legally represent them " (subd. 5).

To be a " distributee " of her husband's father, therefore, the dead son's surviving spouse must be found to " legally represent " him within the meaning of those words in section 83. The use of those words is not new; it is exactly the same as it was in former section 98, and the Commission said that they were intended to be construed as they had been in former section 98. An examination of the provisions of present section 83 and of former section 98 discloses that the words " representatives " and " legal representatives " as used in those sections are substantially equivalent in meaning to the word " descendants " as therein used, *i. e.*, children, and children of deceased children, and do not include the surviving spouse of a deceased child. That such is the meaning of the word " descendants " as used in section 83 seems perfectly clear from subdivisions 2, 3 and 4 and particularly 6. The latter provides for distribution to living brothers and sisters and " descendants " of dead brothers and sisters " so that there shall be distributed to such descendants in whatever degree, collectively, *the share which their parent would have received if living.*" It is equally clear that the words " representatives," " legal representatives " and " legally represent " as used in section 83 mean those who " take by representation," and thus mean children of a deceased child; and subdivision 9 specifically provides that " those who take by representation shall receive *the share to which the parent whom they represent, if living, would have been entitled.*"

Those who " take by representation " represent a " parent;" therefore, those who " legally represent " a deceased child must be that deceased child's children and not his surviving spouse.

Has the enactment of section 47-c of the Decedent Estate Law changed the situation? It surely has not by providing that the terms " heirs," " heirs at law," " next of kin " and " distributees " shall mean distributees defined in section 83 and thus include surviving spouse because it is neither the " heirs," " heirs at law," " next of kin " or " distributees " of a deceased son who are made his dis-

tributees by section 83, but rather it is those who " legally represent " him. The only doubt raised is that caused by the use in section 47-c of the additional phrase " and any terms of like import." By their use did the Legislature intend to include " legal representatives " and " descendants " as those and similar terms are used in section 83?

Such an intention is difficult to conceive. The section provides that the terms therein referred to, when used in a " statute," shall mean the distributees defined in section 83. This seems to me to mean that when such terms are used in *a statute other than section 83* they shall mean the distributees named in section 83. They cannot very well apply to section 83 itself. That section uses the term " next of kin " in its opening paragraph and in subdivision 6, and uses it in its former meaning, which did not include surviving spouse.

The wisdom of using the phrase " and any terms of like import " might be questioned if we did not have in mind the motivating cause of the enactment of section 47-c. It was the doubt raised by some of the decisions of lower courts, and finally by the Court of Appeals in *Matter of Waring (supra)*, as to the meaning to be ascribed to the use of such words as " heirs at law " or " next of kin " *in a will or other instrument prescribing the devolution of property rights,* where a primary gift was made, for example, to a son, with alternative gift over, in case of his predecease, to his " heirs at law " or " next of kin." The section was enacted in order to clear that doubt. The Legislature had, in enacting section 83, replaced " heirs at law " and " next of kin " by " distributees " as defined therein. They included the surviving spouse. One purpose of that legislation was to give a larger share to the surviving spouse in the estate of the deceased spouse. Such surviving spouse was, in effect, made heir at law and next of kin of her deceased spouse. Section 47-c, therefore, provided, in substance, that a gift to one's heirs at law or next of kin would be taken to mean the distributees defined in section 83. The donor, however, could avoid inclusion of the surviving spouse by so providing, either expressly or impliedly. The Legislature doubtless also had in mind the fact that a testator often uses non-technical words, and, therefore, instead of using the words " heirs," " heirs at law," " next of kin " or " distributees," might use other words having the same meaning, and, therefore, added the phrase " and any terms of like import." It was unnecessary so to provide with respect to such words when used in a *statute*, because that situation was already covered by section 81, which definitely made the words " heirs," " heirs at law," " next of kin " and " distributees " when

used in a *statute* mean the distributees defined in section 83. That was a rule of statutory construction, said the Court of Appeals in *Matter of Waring (supra)*. As such it would not apply to the construction of wills and like instruments. Hence the need for and enactment of section 47-c.

Neither the words of section 81 nor those of section 47-c can be taken to include the terms " descendants " or " representatives " as used in section 83. If they were they would include not only those who " legally represent " a predeceased child (§ 83, subds. 1, 2, 3, 4 and 5) but also the descendants of an intestate's deceased brothers and sisters and the representatives of such descendants (subds. 6 and 10), so as to include in all such cases their surviving spouses.

This would be equivalent to making the surviving spouse in every case not only the " heir at law " of the deceased spouse but also the heir at law of the deceased spouse's parents, grandparents, etc.

I cannot conceive that the Legislature intended to bring about any such revolutionary change merely by the use of the phrase " and any terms of like import."

Surely, had it so intended, it would have expressly carried over the terms " representatives " and " descendants " into section 47-c, and amended section 83 accordingly.

I have, therefore, reached the conclusion that the statutes under consideration were intended to and did clarify and solidify the position of a surviving spouse *with respect to the estate of the deceased spouse only* and as a distributee of that deceased spouse to the extent provided in section 83, whether referred to as " distributee," " next of kin," " heir " or " heir at law;" but that it was not intended to and did not make the surviving spouse of a child who predeceased its parent a distributee, heir, heir at law or next of kin of that parent so that such surviving spouse would take any part of that parent's estate in case of intestacy.

It follows that the surviving spouse of testator's son who predeceased him would not be a distributee of testator's estate had he died intestate, and, therefore, is not interested in his estate so that she may contest probate of his will.

Since preparing the above the court's attention has been called to a decision of Surrogate MILLARD of Westchester county, handed down October 25, 1940, in *Matter of Schmitt* (175 Misc. 180), in which the learned surrogate, by similar reasoning, reached the same conclusion as arrived at by this court.

Submit decree on notice.