In the Matter of the Accounting of ROSE DUGAN, as Executrix of
WILLIAM T. HOFF, Deceased.

Surrogate's Court, Queens County, August 18, 1948.

*Benjamin C. Ribman* for executrix, petitioner.

*Elvin N. Edwards* for Therselda H. Peterson, respondent.

*Samuel Rabin,* special guardian for Richard Hoff and another, infants.

SAVARESE, S. In this accounting proceeding, the objections heretofore filed by the widow have been withdrawn and she has consented to the entry of a decree settling the account as filed. There is left for the determination of the court the construction of the will for the purpose of fixing the rights of the widow in the

estate. Paragraph Fourth of the will contains the sole reference to the widow. It reads as follows: " I hereby give devise and bequeath unto my wife, THERSELDA HOFF only that share of my estate to which she may be entitled under law."

Such a provision might fairly be construed as a bequest to the widow of a sum equal to her intestate share. (*Matter of Golder,* 30 Hun 441.) All counsel have assumed, however, that the testator intended that his widow should receive nothing except that which she might compel to be paid to her by virtue of section 18 of the Decedent Estate Law. (Cf. *Matter of Filor,* 267 App. Div. 269, affd. 293 N. Y. 699.) The court so construes the peculiar language of this will, particularly in view of the circumstance that at the time the will was executed on April 1, 1942, the testator was claiming that his wife had abandoned him in a separation action brought by her. The widow is therefore put to her right of election, notice of which she filed in this court on September 23, 1942.

The executrix contends that the widow is barred from asserting her right of election because she abandoned the testator. (Decedent Estate Law, § 18, subd. 5.) No proof of such abandonment has been offered. The executrix relies solely on the record and judgment in the separation action referred to above. Findings of fact and conclusions of law were made by the trial court in that action on May 29, 1942, including a specific finding that the plaintiff wife had abandoned the defendant husband. Judgment thereon was entered on June 1, 1942. In the meantime the defendant husband had died on May 14, 1942. Plaintiff's motion to vacate the judgment was granted on appeal, and the appeal from the judgment dismissed on the ground that the action had abated due to the husband's death prior to the conclusion of the trial. (*Hoff* v. *Dugan,* 266 App. Div. 790.) The executrix contends that the finding of abandonment is nevertheless conclusive on the widow in this proceeding. A reversed judgment however, can have no effect upon the parties thereto by way of collateral estoppel, and that is true even where, as here, the reversal occurred because the controversy had become moot. (See Restatement, Judgments, § 69, comment d; § 41, comment d.) *Matter of McCormack* (N. Y. L. J., Jan. 23, 1948, p. 296, col. 2, DELEHANTY, S.), cited by the executrix, is clearly distinguishable. There the finding of abandonment was affirmed on appeal.

As the parties have not stipulated that the trial court record in the separation action shall be deemed in evidence in this proceeding, that record cannot be considered by this court. Accord-

ingly, as there is no proof of abandonment, the widow has the right to take one third of the estate as in intestacy.

Compensation of counsel for the executrix is fixed and allowed in the reduced sum of $500 as agreed. Account settled. Submit decree accordingly on notice.