In the Matter of the Accounting of SYLVIA K. KAISER, as Executrix of KALMAN KAHAN, Deceased.

Surrogate's Court, Bronx County, November 2, 1955.

■■■■■■

■■■■■■■■■■■

■■■■■■■■■■■

*Shapiro & Singer* for executrix.

*Lopin & Jacobson* for Alice Kahan.

*Joseph C. Di Carlo,* special guardian for Freida Rubenstein and another, infants.

McGRATH, S. In this accounting by the executrix, a construction of the will is requested in order to determine the amount to which Alice Kahan, the widow of the decedent, is entitled.

Paragraph " Fourth " reads as follows: " I give devise and bequeath to my beloved wife, Alice Kahan, one-half of all my property, at the time of my death. In the event, however, that the one-half share of my wife shall exceed the sum of Two thousand five hundred dollars then and in that event she shall receive the sum of only Two thousand five hundred dollars, and I further give, devise and bequeath to my trustee, hereinafter named, a sum equal to the share in my estate to which my wife would have been entitled had I died intestate reduced by the sum of Two thousand five hundred dollars herein bequeathed to my wife, in trust nevertheless, to invest, reinvest and keep the same invested, and to pay over or apply the net income therefrom to the use of my said wife during her natural life, and upon her death to convey, transfer and pay over the principal thereof to the residuary legatees, hereinafter named. The foregoing provisions for my wife are in lieu of any statutory interest given by law."

The question to be decided is whether the testator intended a bequest of " a sum equal to the share in my estate to which my wife would have been entitled had I died intestate " to be that provided for in subdivision 4 of section 83 of the Decedent Estate Law under which she would receive $10,000 and one half of the residue of the estate, or that provided for in section 18 of the Decedent Estate Law, under which she could in no event receive more than one half of the net estate.

The widow urges that in view of the fact that the net estate is less than $10,000 the words quoted in the preceding paragraph entitle her to a trust in the entire net estate reduced by the sum of $2,500. The widow further contends that the meaning of the quoted words aforesaid is plain and unambiguous, that they are clearly expressive of the testator's intention, and that giving to these words their common and ordinary meaning conforms to the expressed intention of the testator.

The executrix and the special guardian, on the other hand, urge that the testator had in mind section 18 of the Decedent Estate Law when his will was drawn and that the language used in paragraph " Fourth " of his will shows a dominant purpose and intention to give his widow the minimum to which she would be entitled under that section.

The court is unable to agree with the contention urged by the executrix and the special guardian. It is not the duty of the court to make a new will for a testator to carry out some supposed purpose through the guise of a construction (*Herzog* v. *Title Guar. & Trust Co.*, 177 N. Y. 86, 92), and it is not within the province of the court to depart from the plain and usual sense of words used by the testator unless the intent of the testator to do so is obvious.

The language used by the Court of Appeals in *Matter of Wittner* (301 N. Y. 461, 465) appears to be decisive of the problem involved herein where it was said: " Courts have no right to vary or modify the terms of a will to bring a gift to the spouse within the provisions of section 18. As we said in Matter of Durand (250 N. Y. 45, 54), ' In declaring a testator's intention * * * courts are limited to the words which the testator, himself, has used in his will.' And at page 55, ' Even if we thought that [the testator] would have followed the interpretation which the lower courts have put upon this will, the fact is he did not do so, and the courts cannot reconstruct wills in accordance with the near intention of the maker. * * * No power of revision of wills is intrusted to the courts.' And in Manion v. Peoples Bank of Johnstown (292 N. Y. 317, 321), ' Courts are not at liberty to inquire as to a testator's understanding or appreciation of the legal implications of words that were selected for him by a draftsman of his will.' " (See, also, *Matter of Meyer*, 197 Misc. 169, 172.)

Since the accounting shows that the net estate herein is less than $10,000, the principal of the trust to be set up for the widow shall consist of the entire net estate less the sum of $2,500 which is payable to the widow.

The objections filed by the widow as to other matters in the accounting are set down for a hearing on November 16, 1955, at 10:00 A.M. Serve and file notice of hearing with proof of service thereof on or before November 10, 1955.

Settle intermediate decree construing the will in accordance with this decision and proceed accordingly.