John D. Bennett, S.
This is a proceeding in which the widow seeks a construction of paragraph Third of the will, which reads: “ I give and bequeath to my wife euxth thoenicke schetjbel presently residing at 122 Driscoll Avenue, Rockville Centre, New York, from whom I am now and have been living separate and apart pursuant to a judgment of separation, such part of my estate as she shall be entitled to have by virtue of the law of the State of New York.”
The question presented is whether the widow receives a one-half interest in the estate under the laws of intestacy, there being only one child (Decedent Estate Law, § 83, as amd. by L. 1959, ch. 689), or whether she is restricted to one third, being the statutory minimum required to be provided for the surviving spouse under section 18 of the Decedent Estate Law.
The petitioner states that she obtained a judgment of separation from the decedent on or about May 10, 1933. This fact is not contradicted by any of the papers.
In Matter of Gahan (276 App. Div. 647, 648), the construction involved the following provision: “ ‘ I give, devise and bequeath to my wife * * * that portion of my estate to which she is entitled under the laws of the State of New York ’ ”, The testator there and his wife had lived apart for many years and there had been matrimonial litigation between them. Nevertheless, the Appellate Division, Third Department, affirmed the Surrogate’s interpretation that the bequest entitled the surviving spouse to take that amount provided by the intestate laws.
While in Matter of Hoff (194 Misc. 739), the Surrogate came to the opposite conclusion, his decision was based primarily on the fact that he ‘1 regarded himself bound by the assumption of all counsel in the case that there the testator had in mind the wife’s right of election ” (Matter of Gahan, supra, p. 649). *675 The residuary beneficiary, a friend of the testator, has submitted an affidavit in opposition to the construction urged by the widow. In the affidavit she refers to conversations held with the decedent in which he is alleged to have said that if it were not for the requirements of law, he would disinherit his wife entirely.
Aside from the fact that the residuary beneficiary would be incompetent under CPLR 4519 to testify to personal transactions with the decedent, the court is of the opinion that the language of the will does not permit resort to extrinsic evidence (36 ALR 2d 147, 150). There are no words or expressions used by the testator in this will susceptible of an intention to restrict the share of the spouse to the minimum required by law. Moreover, testamentary provisions in favor of a surviving spouse should be liberally construed (Moffett v. Elmendorf, 152 N. Y. 475; Matter of Moss, 230 App. Div. 741). Accordingly the widow is held to be entitled to a bequest measured by the laws of intestacy, or one half of the net estate.