John M. Keane, S.
This construction proceeding was initiated by the guardian of an incompetent veteran, William H. Lewin, the surviving husband of Mary Ellen Lewin, who died September 27, 1965. Her last will and testament (executed, on June 17, 1953) was admitted to probate by this court on November 8,1965.
Her entire will was very brief. The relevant portions giving rise to this construction proceeding are as follows:
“ second: I give, devise and bequeath unto my beloved husband, william h. lewin, the share and interest in my estate to which he is entitled under the Decedent Estate Law of the State of New York.
*142 ‘ ‘ third : All the rest, residue and remainder of my property/ both real and personal, of whatsoever kind, name, nature and description and wheresoever situate, I give, devise and bequeath to my sister, Winifred s. robertson of Port Elgin in the Province of Ontario and Dominion of Canada, and to my sister, Florence e. hunter of 193 Osier Street in the City of Toronto in the Province of Ontario and Dominion of Canada, to be divided equally between them, share and share alike.”
The petitioner contends that the gift to decedent’s husband, William H. Lewin, is the share which he would have received had she died intestate. At the date of her death, September 27, 1965, this share would be her entire estate. (Decedent Estate Law, § 83, subd. 4.)
The respondents, who are Winifred S. Robertson and Florence E. Hunter, sisters of the decedent, make alternative contentions. Respondents contend primarily that paragraph “ second ” gives William H. Lewin, the decedent’s husband, only that share to which he would be entitled under a right of election against the will. (Decedent Estate Law, § 18.) In the alternative, if that contention is denied, respondents contend that the disposition of the property should be made in accordance with the law of descent and distribution as it existed at the date of the execution of the will (June 17, 1953).
This will was prepared by an attorney. The court does not have the latitude allowed when presented with an instrument prepared by one other than a lawyer.
Of what date does this will speak, the date of execution or the date of death? Unquestionably the general rule is that a will speaks as of the date of death. The authorities submitted by the respondents do not support their argument that the language of this will allows an interpretation that its dispositions should be made as of the date of execution. This is not a situation where, for example, a question of advances made by the decedent in his lifetime would be involved to ascertain the situation at the time the will was made. Nor is it the situation where it would be necessary to learn whether the decedent had the particular property at the time the will was executed which was specifically bequeathed in the will.
No extrinsic evidence was submitted nor does this court believe under the circumstances here that such evidence if submitted would be admissible.
The argument that the will speaks as of the date of execution probably would not have been made but for the amendments to the law of descent and distribution made by chapter 712 of the Laws of 1963 which became effective March 1, 1964. This legis *143 lation was enacted upon the recommendation of the Temporary Commission on Estates (see N. Y. Legis. Doc., 1963, No. 19, pp. 166-203). A significant change was made concerning the rights of brothers and sisters of a decedent survived by a spouse and no descendants or parents.
Under the new legislation in that situation, the surviving spouse takes all of the property. Under the law existing at the time of the execution of the will by Mary Ellen Lewin, the surviving spouse took the first $10,000 and the balance was divided one half to the surviving spouse and one half among the brothers and sisters (or descendants, when deceased) of the decedent. A substantial policy change was made in the law of descent and distribution of New York.
There was no offer of any evidence that subsequent to March 1, 1964, the effective date of the revised law on descent and distribution, that the decedent, Mary Ellen Lewin, was unable to make any changes in her will had she so desired.
The laws of descent and distribution, being a matter of legislative enactment, are subject to amendment. Earlier significant amendments were made to the law of descent and distribution as a result of the work of the Commission to Investigate Defects in the Laws of Estates, which was headed by the late Mr. Surrogate Foley. These changes became effective September 1,1930. Laws relating to descent and distribution have been changed in the past. Unquestionably, with changes in the social structure, they will be changed in the future.
An early case concerning a change in the Decedent Estate Law by the Laws of 1919 was Matter of Gaffken (197 App. Div. 257, 259 [1921], affd. 233 N. Y. 688 [1922]). In the decision in the Appellate Division, the court said: ‘ ‘ But for the meaning and effect of the will we are to look to the law at time of the testator’s death. [Cited cases omitted.] Otherwise new legislation would never begin to take effect until after the prior wills had been outlived.”
In Matter of Owens (186 Misc. 777, 778, 780 [1945]), the decedent’s will contained language similar to that of the will in question. It reads as follows: Second: I give, devise and bequeath to my wife, Florence L. Owens, such interest in my real and personal property as she would take under the Laws of the State of New York.”
The changes made in the laws effective September 1, 1930 were before the court. The will had been executed prior to that date and the decedent died subsequent to that date. In that respect the situation is similar to the ease before this court.
*144 Like the will before this court, the next paragraph made a disposition of the residuary estate. In its decision, the court said: ‘ ‘ Testator by his words, ‘ Laws of the State of New York ’, shows that he knew that the descent and distribution of property were regulated by statute. He must be assumed to have known that Statutes of Distribution could be changed at any time, and that the share which his wife'would take under the laws of the State of New York, could be increased or diminished at any time after the execution of his will. (Matter of Koch, 282 N. Y. 462.) Had he desired to measure or limit her share by the laws in effect on the date of the execution of his will, he had only to add the words ‘ in effect on this date,’ or the word ‘ present.’ This he did not do. The court cannot imply words intentionally omitted. (Roseboom v. Roseboom, 81 N. Y. 356.) ” The court in that case determined that the surviving spouse was entitled .to the intestate share as determined by the laws in effect on the date of death.
Matter of Koch (282 N. Y. 462 [1940]) mentioned in Matter of Owens (supra), involved a situation where the Decedent Estate Law had been amended by chapter 181 of the Laws of 1938, effective March 28, 1938. There the court stated (p. 462): “ Lines of inheritance are governed by statute and it must be assumed that the testatrix knew that those lines could be changed at any time. (Gilliam v. Guaranty Trust Co., 186 N. Y. 127, 128.)
Therefore, this court determines that the law of descent and distribution existing on September 27, 1965 prevails as far as an intestate distribution under the will of the decedent is concerned.
If William H. Lewin, the surviving spouse, is determined to take the share as in intestacy, he will be entitled to the entire estate of the decedent.
We now pass to the primary contention made by the respondents, namely, that the language gives William H. Lewin, the surviving spouse, one half of the estate, that being the maximum share to which he would be entitled under a right of election. (Decedent Estate Law, § 18.)
Within a few years after the amendments which became effective September 1, 1930, this problem was before the court in Matter of McKenna (164 Misc. 490, 491 [1937]). There the will said: First, after all my lawful debts are paid, I give to my wife, Kate McArdle McKenna, the amount or share of my estate provided by law.” The balance of the estate was given to a niece.
Mr. Surrogate Delehaxty disposed of the claim that section 18 applied in the following language (p. 491): “ The true mean *145 ing of the will is that deceased gave to his wife the share in his estate fixed by section 83 of the Decedent Estate Law. It is incongruous to say that the gift under the will is measured by a statutory right to take against a will.”
While the decisions are replete with the statement that “no litigated will has an identical twin,” the language in Matter of Gahan (276 App. Div. 647 [1950]), would indicate possibly that wills may have a fraternal twin. The language is similar to the will in question and reads as follows (p. 648): “ I give, devise and bequeath to my wife, Anna Gahan, should she survive me, that portion of my estate to which she is entitled under the laws of the State of New York.” The same contentions were made in that case as are made in the present case. The Surrogate had decreed that the language gave the surviving wife her intestate share of the estate. After hearing argument that the intent was to give the wife only the right to elect against the will, the Appellate Division affirmed the Surrogate’s decision that the widow took the intestate share.
The question arose again in Matter of Kahan (208 Misc. 872 [1955]) concerning whether the widow should receive the intestate share or the share which she would have obtained under the exercise of a right of election. The language in that will had some of the language of section 18 of the Decedent Estate Law. Mr. Surrogate McGrath determined that the will gave the trustee for the surviving spouse the share which she would have received under intestacy rather than the lesser share available under section 18 of the Decedent Estate Law. The language of the will was much stronger than in the present case to support the argument that section 18 should prevail.
More recently the same problem arose in Matter of Scheubel (43 Misc 2d 674 [1964]). There the will stated: “I give and bequeath to my wife edith thoenicke scheubel presently residing at 122 Driscoll Avenue, Rockville Centre, New York, from whom I am now and have been living separate and apart pursuant to a judgment of separation, such part of my estate as she shall be entitled to have by virtue of the law of the State of New York.” In this case the decedent left one child. The share in intestacy would be one half while the share under a right of election would be one third.
In his decision, Mr. Surrogate Bennett stated that the language of the will does not permit resort to extrinsic evidence. He further determined that the widow was entitled to a bequest measured by the laws of intestacy.
Respondents have cited Matter of Hoff (194 Misc. 739 [1948]) to support the argument that William H. Lewin is entitled only *146 to the share available under the exercise of a right of election. A reading of the decision indicates that the court reached its conclusion because all counsel assumed that the intent of the testator was to limit his spouse to what might be paid pursuant to section 18 of the Decedent Estate Law. On this basis, Matter of Hoff (supra) was distinguished in Matter of Scheubel (supra).
The most recent decision cited by the respondents is Matter of' Schlinger (48 Misc 2d 438 [1965]). The language of that will was more extensive and particular than the -yyill of Mary Ellen Lewin. As a result the court determined that the share would be limited by section 18 of the Decedent Estate Law. The language of the will is clearly distinguishable from the will before this court. For that reason, the result will not he followed here.
Therefore, the court determines that William IT. Lewin is entitled to the share which he would have received had his wife died intestate. Under the laws of descent and distribution applicable herein, the entire estate is payable to William H. Lewin.