■ In the Matter of the Estate of MARY E. LEWIN, Deceased. LEAH MCKUNE, as Guardian of WILLIAM H. LEWIN, an Incompetent, Respondent; WINIFRED S. ROBERTSON et al., Appellants.— GABRIELLI, J. Appeal from an order of the Surrogate in a construction proceeding wherein it was determined that the terms of a will were governed by the statute in effect at date of death of testatrix. On June 17, 1953, Mary Ellen Lewin executed a will which provided, in part: "Second: I give, devise and bequeath unto my beloved husband, William H. Lewin, the share and interest in my estate to which he is entitled under the Decedent Estate Law of the State of New York." Mrs. Lewin died on September 27, 1965 leaving her husband and certain residuary legatees. When the will was drafted, subdivision 4 of section 83 of the Decedent Estate Law provided that, under the circumstances here presented, the surviving spouse would take $10,000 and one half of the residue. This section was amended in 1963 to provide that the entire estate would go to the surviving spouse in such circumstances. The terms of the will are unambiguous and no extrinsic evidence is required for the determination of the issue presented. The general rule is that a will takes effect not at the time of execution but on the death of the testator (*St. John* v. *Andrews Inst. for Girls,* 191 N. Y. 254) and we are not persuaded that there has been any change in the rule that for "the meaning and effect of the will we are to look to the law at the time of the testator's death" (*Matter of Gaffken,* 197 App. Div. 257, 259, affd. 233 N. Y. 688); and the court in *Gaffken* (*supra*), further stated "Otherwise new legislation would never begin to take effect until after the prior wills had been outlived". Testators must be assumed to know that the Statute of Distributions can be changed at any time and that distributive shares could be increased or diminished at any time after the execution of a will (*Matter of Koch,* 282 N. Y. 462; *Matter of Owens,* 186 Misc. 777). The enactment, after the execution of a will, of an amendment to a statutory rule for distribution of an estate, determines the construction to be placed on the document; and, to give the statute such a construction, does not operate to make it retrospective in its operation, since it actually affects no rights vested before its passage. Order affirmed, with costs to all parties filing briefs payable from the estate. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.