John M. Keane, S.
The question before the court is simple. Did Louella Beckwith validly exercise the power to appoint the corpus of the marital deduction trust, with a value at the time the account was filed of $875,000, granted to her by paragraph "sixth” of the last will and testament of her husband, Hugh T. Beckwith?
A valid appointment will pass the corpus to four charities named in the residuary clause of her last will and testament. An ineffective appointment will pass the corpus to their daughter, Barbara Ann Moore, who was named the taker in default of a valid appointment.
The facts are not in dispute. The language of both wills is unambiguous leaving only a question of law for a decision of the court. To put the problem in proper perspective requires a brief review of the facts.
Hugh T. Beckwith executed his last will and testament on September 21, 1964. He died August 28, 1968 and his will was admitted to probate in this court shortly thereafter on September 5, 1968.
Louella Beckwith executed her last will and testament on April 19, 1971. She died June 5, 1975, and her will was admitted to probate in this court shortly thereafter on June 12, 1975. The relevant provisions of paragraph "sixth” of the last will and testament of Hugh T. Beckwith involved in this controversy are as follows: "I give, devise and bequeath said *651 amount to my Trustee hereinafter named, in trust, nevertheless, to hold, manage, invest and reinvest the same, to collect and receive the income therefrom, and to pay the entire net income therefrom annually, or more frequently, to my said wife during her life, and upon her death to pay over and distribute the then principal of the trust fund to and among such one or more persons or corporations, including her own estate and on such terms and conditions, either absolute or in further trust, as my said wife may appoint by her deed delivered by her in her lifetime to my said Trustee. No part of any estate taxes shall be payable out of this share so set apart for the benefit of my said wife. Any such appointment by deed shall become operative on the delivery of the deed to the Trustee but shall be subject to amendment or revocation by my wife’s subsequent deed delivered by her in her lifetime to the Trustee, it being my intention that such power shall be exercisable by her alone and in all events at any time and from time to time during her life. Every such deed shall be acknowledged like a conveyance of real property entitled to record in the state of New York. If my wife fails to appoint effectively all of said principal, then upon her death such principal as shall not have been effectively appointed by her as aforesaid, shall be given to my daughter Barbara Ann Moore if she is then living, and if Barbara Ann Moore is deceased, said principal shall be given to her descendants per stirpes.”
As appears in the excerpt from the last will and testament of Hugh T. Beckwith set forth above, he directed that the power of appointment be exercised by deed. Louella Beckwith in her lifetime executed no such deed and, of course, none was delivered to the trustee. In her last will and testament Louella Beckwith made no reference to the power of appointment granted in the will of her late husband. Her will did contain a residuary clause in paragraph "thirteenth” which reads as follows: "I give, devise and bequeath the rest, residue and remainder of my property, including lapsed legacies, to Roswell park memorial institute of Buffalo, New York, BROOME COUNTY HEART CHAPTER, INC., BROOME COUNTY UNITED FUND, Elizabeth church manor, of Broome County, New York, in equal shares.”
Therefore, it can be seen that if the power of appointment was not validly exercised by the last will and testament of Louella Beckwith, then the corpus of the trust will pass to *652 Barbara Ann Moore, the daughter and only surviving child of the two decedents.
The threshold question is posed by EPTL 10-6.2 (subd [a], par [3]) which reads as follows: "Where the donor has made the power exercisable only by deed, it is also exercisable by a written will unless exercise by will is expressly excluded-.”
The same corporate fiduciary is trustee of the trust established under the last will and testament of Hugh T. Beckwith and executor of the last will and testament of Louella Beck-with. Counsel for the corporate fiduciary, acting in both capacities, argues that the provisions of the statute supersede the directions set forth in minute detail in the last will and testament of Hugh T. Beckwith concerning the exercise of the power of appointment. The opposite position is taken by the counsel for the daughter, Barbara Ann Moore, whq contends there has been a failure to exercise the power of appointment validly in accordance with the terms of the will.
No decisions have been cited to the court in which EPTL 10-6.2 (subd [a], par [3]) has been construed. Substantially the language came into the EPTL from section 148 of the Real Property Law as part of the revision of the powers section in the Real Property Law made by chapter 864 of the Laws of 1964, effective June 1, 1965.
This revision resulted from a study appearing in the Third Report of the Temporary State Commission on the Modernization, Revision and Simplification of the Law of Estates (NY Legis Doc, 1964, No. 19, p 456). Subdivision 3 of section 148 of the Real Property Law (the predecessor of EPTL 10-6.2, subd [a], par [3]) as revised in 1964 and effective June 1, 1965 read as follows: "where the donor has made the power exercisable only by deed, it is also exercisable by a written will, executed as required by law”.
The comment (p 456) of the study mentioned above states as follows: "Subsection 3 is now and was a departure from existing law set forth in present section 168. A long step in the direction of the proposed new subsection 3 has been taken by the common law, as formulated in Restatement of Property § 347, which is expanded in § 347, Comment b. The proposed new subsection 3 is modeled on Minn. Stat. § 502.64 which has been law in that state for 20 years. Few conveyors prescribe that a power of appointment can be exercised only by an inter vivos instrument. If and when such a prescription is encountered it is reasonable to say that 'all purposes of substance *653 which the donor could have intended are accomplished by a will of the donee’ (see Rest. of Prop. § 347, Comment b).”
The above comment in the opinion of this court understates the 180 degree change in course from the prior statutory law on this subject. Research by the court has established that the law existing before the amendment had continued virtually unchanged since its enactment in the Revised Statutes effective January 1, 1830 (Rev Stat of NY, part II, ch I, tit II, § 116). Examination of subsequent editions through the 7th edition of the Revised Statutes shows that section 116 continued unchanged except for a different section number in the 4th-7th editions.
Chapter 547 of the Laws of 1896 under a heading of "Chapter XLVI of the General Laws, the Real Property Law.” continued the language unchanged at section 148 of article 4. When chapter 52 of the Laws of 1909 established the Real Property Law as one of the Consolidated Laws, this language continued as section 168. It remained section 168 in the Real Property Law until the amendments made by chapter 864 of the Laws of 1964 mentioned above.
Under the practice of the Temporary Commission, sometimes known as the Bennett Commission, proposed revisions were put into the existing Consolidated Laws. At the legislative session of 1966 there was combined into a single bill all of the substantive law of estates to be known as the EPTL.
The bill as introduced carried over subdivision 3 of section 148 as EPTL 10-7.2 (subd [a], par [3]) in the following language: "Where the donor has made the power exercisable only by deed, it is also exercisable by a written will.”
The bill was amended before final passage and was reprinted as amended. In the amended version which was passed as part of chapter 952 of the Laws of 1966, there was added what appears to this court a short significant addition which is underlined in the language of EPTL 10-6.2 (subd [a], par [3]) below: "Where the donor has made the power exercisable only by deed, it is also exercisable by a written will unless exercise by will is expressly excluded. ”
The language has remained unchanged since the EPTL became effective September 1,1967.
In addition, see the practice commentary in the supplement of McKinney’s Consolidated Laws for EPTL 10-6.2 (subd [a], par [3]) by Honorable I. Leo Glasser (Glasser, Practice Com *654 mentarles. McKinney’s Cons Laws of NY, Book 17B, EPTL 10-6.2, 1975-1976 Supp, p 145) one of the counsel for the Temporary Commission: "Sub-paragraph (a)(3) re-enacts the former RPL § 148(3) revised to include the phrase 'unless exercise by will is expressly excluded.’ At common law, a power to be exercised by deed could not be exercised by will. 1 Sugden on Powers (3d Am. ed.) 306. See also, Coleman v. Beach, 1885, 97 N.Y. 545, 556. This sub-paragraph changes that early rule, unless the donor has expressly prohibited an exercise by will (see discussion under 'paragraph (a)’ supra). The rationale of this sub-paragraph is that since the donee of a power exercisable by deed could exercise that power up to the moment before his death, there is no logical reason for invalidating an exercise of the power by a will which becomes effective one moment later. See also 3 Restatement, Property § 347, comment b ; 5 American Law of Property 579. It should be noted that a testamentary power is exercisable only by will, EPTL 10-3.3(c); Farmers’ Loan and Trust Co. v. Mortimer, 1916, 219 N.Y. 290, 114 N.E. 389.”
At common law, and by statute continuously in New York from 1830 to 1965, a power to be exercised by deed could not be exercised by will. Has the amendment of EPTL 10-6.2 (subd [a], par [3]) superseded the common law in a situation where the will was made prior to the amendment in the statute?
Counsel for Barbara Ann Moore, the daughter, contends that the intention of the testator at the time the will was executed must prevail. The contrary position is taken by counsel for the fiduciary that a will speaks as of the date of death. EPTL 10-6.2 (subd [a], par [3]) provides that unless exercise by will is expressly excluded, a power can be exercised by a written will.
The amendment of subdivision 3 of section 148 of the Real Property Law in effect from June 1, 1965 to August 31, 1967 was even broader than present EPTL 10-6.2 (subd [a], par [3]). A strict reading of the language for that period would allow a valid will to exercise a power even though the donor made it only exercisable by deed.
The court has no records of the changes made in the EPTL after its introduction on January 12, 1966. One can only conclude that they were sufficiently numerous to make it desirable to reprint the whole bill as amended.
One of the changes was the deletion of the language, "executed as required by law” and replacing it with "unless *655 exercise by will is expressly excluded.” It is the belief of this court that such change was inserted to make it possible to eliminate the possibility of exercise of a power of appointment by will. A method was given. A testator only had to "expressly exclude” exercise by will.
Such a method is similar to a valid restriction by the donor on an exercise by will that the donee must make specific reference to the power. (See EPTL 10-6.1, subd [b].)
There is no language in the last will and testament of Hugh T. Beckwith expressly excluding exercise of the power by will. It is true that there is set forth in detail the method of exercise by deed. It has been argued that by implication this excludes exercise by will. Persuasive as the argument is, this court believes that to overcome the statute, one must rely on more than implication. Since there is no such language, the will of Hugh T. Beckwith does not expressly exclude exercise by a written will.
An analogous situation concerning the effect of a statute on language in a will drawn before its change can be found in a decision of this court involving EPTL 4-1.1. (See Matter of Lewin, 51 Misc 2d 141, affd. 27 AD2d 971, mot for lv to app den 20 NY2d 644.)
The language of that will made a bequest to decedent’s husband of "the share and interest in my estate to which he is entitled under the Decedent Estate Law of the State of New York.” At the time the will was drawn on June 17, 1953 where a decedent left a surviving spouse, no descendants and no parents, brothers and sisters were also distributees. Under the change made by chapter 712 of the Laws of 1963 effective March 1, 1964, brothers and sisters were no longer distributees where the decedent left a surviving spouse and no descendants and no parents. In Matter of Lewin (supra) the decedent died on September 27, 1965 after the effective date of the change in the law of descent and distribution.
This court held that the will spoke as of the date of death and the sisters of decedent were not distributees. This determination was upheld on appeal.
It seems to the court that a similar situation exists here. The language in the will of Hugh T. Beckwith at the date the will was executed did not permit the exercise of the power other than by deed. By the change in the statute, which is presently EPTL 10-6.2 (subd [a], par [3]), and which was in effect on the date of his death, such an exercise by will is *656 permitted unless the donor expressly excluded exercise by will.
Having determined that the power of appointment was exercisable by will, there still remain two other problems. One can be disposed of quite simply. A donor of the power can restrict the exercise of a power by requiring a specific reference to the power in the will of the donee. (See EPTL 10-6.1, subd [b].) This prevents the unintentional exercise of the power by a residuary clause.
There is no such reference in the last will and testament of Hugh T. Beckwith since all of the language relates to the exercise of the power by deed. In the same manner, there is no provision in the last will and testament of Louella Beck-with referring specifically to the power granted to her.
The second matter concerns the lack of any reference in the last will and testament of Louella Beckwith to the exercise of the power of appointment.
The first dispositive paragraph of the last will and testament of Louella Beckwith was as follows:
“second: I give and bequeath to my daughter, barbara ann moore, my jewelry, watches, furs, clothing, pictures, dishes, kitchen equipment and sterling silver. I have made no monetary bequests to my said daughter or her family because they are well provided for by her father’s will and a pension from the United States Government.”
Counsel for Barbara Ann Moore argues that this language indicates that Louella Beckwith wanted her daughter to receive the corpus of the marital deduction trust by making no appointment of those funds. Contrariwise, the counsel for two of the charities argues that the language refers to the residuary trust under the last will and testament of Hugh T. Beckwith created for the benefit of Barbara Ann Moore and which was about 60% of the size of the marital deduction trust.
Both arguments are sound. However, the court must find that Louella Beckwith did not in paragraph "second” express a clear intention to have the corpus of the marital deduction trust pass to her daughter, Barbara Ann Moore.
It has long been the law in this State that a will disposing of all of the property of a decedent will exercise a general power of appointment. (See EPTL 10-6.1, subd [a], par [4].) This is the situation that exists here. Paragraph “thir *657 teenth”, the residuary clause of the last will and testament of Louella Beckwith set forth above, disposes of all of her property. There is also the presumption that a person making a will desires to avoid intestacy.
This court determines that Louella Beckwith, by the residuary clause, has validly exercised the power of appointment granted to her under paragraph "sixth” of the last will and testament of her late husband, Hugh T. Beckwith.