In the Matter of the Estate of HUGH T. BECKWITH, Deceased. FIRST-CITY NATIONAL BANK OF BINGHAMTON, N.Y., as Trustee under the Will of HUGH T. BECKWITH, Deceased, et al., Respondents; BARBARA A. MOORE, Appellant.

Third Department, May 26, 1977

*Coughlin & Gerhart (Edward S. Dermody* and *Gordon E. Thompson* of counsel), for appellant.

*Hinman, Howard & Kattell (C. Addison Keeler* of counsel), for First-City National Bank of Binghamton, N.Y., respondent.

*Levene, Gouldin & Thompson (John H. Hartman* of counsel), for Tabernacle Methodist Church and another, respondents.

SWEENEY, J. The facts are not in dispute. Hugh T. Beckwith executed his will on September 21, 1964. He died on August 28, 1968. We are specifically concerned with paragraph Sixth of his will which creates a marital deduction trust with a power of appointment in the following language:

"I give, devise and bequeath said amount to my Trustee hereinafter named, IN TRUST NEVERTHELESS, to hold, manage, invest and reinvest the same, to collect and receive the income therefrom, and to pay the entire net income therefrom annually, or more frequently, to my said wife during her life, and upon her death to pay over and distribute the then principal of the trust fund to and among such one or more persons or corporations, including her own estate and on such terms and

conditions, either absolute of in further trust, as my said wife may appoint by her deed delivered by her in her lifetime to my said Trustee. No part of any estate taxes shall be payable out of this share so set apart for the benefit of my said wife. Any such appointment by deed shall become operative on the delivery of the deed to the Trustee but shall be subject to amendment or revocation by my wife's subsequent deed delivered by her in her lifetime to the Trustee, it being my intention that such power shall be exercisable by her alone and in all events at any time and from time to time during her life. Every such deed shall be acknowledged like a conveyance of real property entitled to record in the state of New York. If my wife fails to appoint effectively all of said principal, then upon her death such principal as shall not have been effectively appointed by her as aforesaid, shall be given to my daughter Barbara Ann Moore if she is then living, and if Barbara Ann Moore is deceased, said principal shall be given to her descendants per stirpes."

Louella Beckwith, the wife, died June 5, 1975. Concededly, she did not exercise the power by deed during her lifetime. She did, however, make certain charitable bequests by a residuary clause in her will executed April 19, 1971. The sole issue for our determination is whether Louella Beckwith validly exercised the power of appointment created by paragraph Sixth of the will of Hugh T. Beckwith. It is provided in EPTL 10-6.2 (subd [a], par [3]) that "where the donor has made the power exercisable only by deed, it is also exercisable by a written will unless exercise by will is expressly excluded." In 1965 the law in this area was drastically changed by the enactment of section 148 of the Real Property Law, which preceded EPTL 10-6.2 and which thereafter permitted the exercise of the power by will even though the donor had made the power exercisable only by deed. Based upon EPTL 10-6.2 (subd [a], par [3]), the Surrogate determined that Louella Beckwith validly exercised her power of appointment. This appeal ensued and appellant is the only living child of Hugh T. and Louella Beckwith. She is married and has two children.

It has long been an accepted principle of law and needs no citation that a donor has the unlimited right to prescribe the time and manner of the exercise of a power of appointment. It is equally well established that in construing a will the prime consideration is the intention of the testator as expressed in the will. This intent is derived from a sympathetic reading of

the will as an entirety and not from any single word or phrase *(Collister v Fassitt,* 163 NY 281). A reading of paragraph Sixth of the will, in light of these accepted principles, clearly establishes that the donor assiduously restricted the exercise of the power to an exercise by deed during the lifetime of the donee. Exercise of the power by will would not have been permissible under the law as it existed when the will was executed. We must determine whether the law as it existed at the time of the donor's death mandates a contrary conclusion as determined by the Surrogate. We think not. To comfortably adopt such a conclusion it is necessary to hold that the use of the precise words "not by will" must have been used by the donor. Such an interpretation is unrealistic, unduly restrictive and does violence to ancient and well-established principles of law.

Specifically, the issue to be determined narrows to whether the donor has explicitly excluded the exercise of the power by will. An analysis of the Sixth paragraph, together with a reading of the residual clause demonstrates beyond peradventure that he has. The word "deed" is used five times and the phrase "during her lifetime" three. A clear manifestation, in our view, that the power was not to be exercised by will. The latter pertains to disposition only after death. The donor went still further by directing that the instrument exercising the power be acknowledged. Such a manner of execution clearly excludes a will. It is significant that we are not here confronted with merely the use of the word "deed" where the word "will" might rationally have been substituted to further the intent of the donor. Here we have much more, with repeated clear language limiting the execution of the power during the lifetime of the donee which, in our opinion, amounts to an express exclusion of conveyance by will. This conclusion is bolstered by a reading of the residual clause, which created for his daughter a trust with a power of appointment, where the donor specifically permits the daughter to "appoint by a last will and testament specifically referring to and exercising this power". It is evident from a reading of the will in its entirety that the donor intended to provide for his immediate family, his wife and daughter. This natural disposition should not be frustrated by a subsequent act of the Legislature where the donor painstakingly spelled out a contrary intent. Such, in our view, could not have been the intent of the Legislature. Furthermore, it is well established that the literal language of a statute will not always be

controlling where it contravenes the legislative intent or leads to an unreasonable result *(Le Drugstore Etats Unis v New York State Bd. of Pharmacy,* 33 NY2d 298; *Matter of Astman v Kelly,* 2 NY2d 567, 572; McKinney's Cons Laws of NY, Book 1, Statutes, § 111). The result here is not only unreasonable, it is mischievous. The decree should be modified to provide that Louella Beckwith did not validly exercise the power of appointment.

The decree should be modified, on the law and the facts, so as to determine that there has been no effective exercise of the power of appointment given to Louella Beckwith in the will of Hugh T. Beckwith, and, as so modified, affirmed, with costs to all parties filing briefs payable out of the estate.

MAHONEY, J. (dissenting). We dissent and vote to affirm on the opinion of Surrogate KEANE (87 Misc 2d 649).

KANE and LARKIN, JJ., concur with SWEENEY, J.; KOREMAN, P. J., and MAHONEY, J., dissent and vote to affirm in an opinion by MAHONEY, J.

Decree modified, on the law and the facts, so as to determine that there has been no effective exercise of the power of appointment given to Louella Beckwith in the will of Hugh T. Beckwith, and, as so modified, affirmed, with costs to all parties filing briefs payable out of the estate.